STATE OF MAINE *vs.* PERCY C. GILES, Appellant.

Lincoln.    Opinion March 30, 1906.

*Sea and Shore Fisheries.  " Short Lobster Statute."  Complaints for Violation Made by Private Persons.  Right to Make Complaint Not Limited to Commissioner and His Deputies and Wardens.  Statute 1885, c. 275. Statute 1889, c. 292, § 6 ; 1897, c. 285, § 48 ; 1899, c. 81.  R. S., c. 32, § 51 ; c. 41, §§ 17, 37, 40.*

Express provision of the statute is not required to authorize unofficial persons to make a complaint before a magistrate.  It is a rule of the common law of immemorial origin that in the absence of statutory requirement to the contrary, all such complaints may be made by any person who can legally be a witness and who has knowledge or information of any violation of the criminal law.

In a certain class of cases in which the criminal and civil departments of the law appear to be blended, the incentive arising from the grievance of a private wrong, which in some degree actuates the complainant to demand a public prosecution of the guilty party, is recognized as a potent factor in the prompt and efficient administration of the law, and the absence of such a motive is always found to be a serious obstacle in the enforcement of sumptuary and kindred statutes.

*Held:*  That the legislature never intended to confer upon the Commissioner of the Sea and Shore Fisheries and his deputies or the fish wardens the exclusive rights to make complaints before magistrates for violations of the provisions of chapter 41 of the Revised Statutes or to oust the court of its jurisdiction of such complaints when made and preferred by private or unofficial persons.

On exceptions by defendant.    Overruled.

Complaint made by Charles E. Sherman, a private person, to C. H. Fisher, a Lincoln County Trial Justice, against the defendant for having in his possession fourteen cooked lobsters each less than ten and one half inches in length measured in the manner prescribed by statute.

On this complaint a warrant in due form of law was issued by the said trial justice and the defendant was duly arrested thereon and arraigned before C. R. Tupper, another Lincoln County Trial Justice, for trial and who found the defendant guilty of the offense alleged in

the complaint and warrant. The defendant then appealed to the Supreme Judicial Court in said County, and was tried at the October term, 1905, of said court. The jury found the defendant guilty of having in his possession ten lobsters less then ten and one half inches in length. After the verdict and before judgment, the defendant filed a motion in arrest of judgment. This motion was overruled by the presiding Justice and thereupon the defendant excepted.

The defendant's motion in arrest of judgment omitting the formal parts, is as follows :

"And now after trial and verdict of guilty and before judgment the said Percy C. Giles comes and says, that judgment ought not to be rendered against him, because he says that the said complaint and the matters therein alleged in the manner and form in which they are therein stated are not sufficient in law for any judgment to be rendered therein and that said complaint is bad in the following particulars.

" First. That Charles E. Sherman, the complainant, in behalf of the state had no authority and was incompetent to make said complaint.

" Second. The said Charles H. Fisher, Esq., the Trial Justice who received said complaint and issued the warrant thereon had no authority to do so.

" Third. That C. R. Tupper, Esq., the Trial Justice before whom said complaint and warrant were returned and of which he assumed jurisdiction and before whom the said Percy C. Giles was arraigned and tried, had no jurisdiction or authority to hear and try and punish said Percy C. Giles thereon."

The case appears in the opinion.

*Weston M. Hilton*, County Attorney, for the State.

*Wm. Henry Hilton*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, SPEAR, JJ.

WHITEHOUSE, J. This is a complaint against the defendant for having in his possession fourteen cooked lobsters each less than ten and one half inches in length measured in the manner prescribed by

statute. The complaint is signed by Charles E. Sherman, a private citizen, and is based on section seventeen of chapter 41 of the Revised Statutes.

After verdict of guilty and before sentence, the defendant filed a motion in arrest of judgment on the ground that a private citizen has no right or authority to institute a prosecution by signing a complaint for the violation of the laws relating to sea and shore fisheries; that no magistrate has authority to issue a warrant on such a complaint or authority to hear, try and convict upon such a process.

Inasmuch as the general supervision of sea and shore fisheries is conferred upon the Commissioner, and the duty of enforcing all laws relating thereto is expressly enjoined upon the Commissioner and fish wardens and all violations of such laws may be settled by the Commissioner upon such terms as he deems advisable, it is contended in behalf of the defendant that only the Commissioner and such officials as are thus qualified by bond and oath to aid him, are authorized to make complaint for the purpose of instituting prosecutions.

It is obvious that a construction involving such a distinct departure from the general policy of the state respecting the enforcement of its laws, should not be accepted as the correct one unless imperatively required by the express terms of the statute or by its manifest implication when considered in the light of its history and its relations to other similar statutes.

Prior to 1885 the interests of both the sea shore fisheries and of inland fish and game had been entrusted to the supervision of the same board consisting of two commissioners, but by chapter 275 of the public laws of that year, provision was made for the appointment of a third commissioner who should "have general supervision of the sea and shore fisheries and shell fish therein specified, the method of enforcing the laws relating to both classes of fisheries being left unchanged.

But section 6 of chapter 292 of the Laws of 1889 relating to lobster fisheries provided as follows: "All fines and penalties under this act may be recovered by indictment or action of debt, brought by any person, and together with all forfeitures, shall be paid into the county treasury in the county where the offense is committed."

In 1897 the legislature codified the laws relating to sea and shore

fisheries under chapter 285 of the public laws of that year, and by section 48 of the same chapter provided for the enforcement of these laws as follows:

" All fines and penalties under this act may be recovered by complaint, indictment or action of debt made or brought by any person in the county where the offense is committed, and shall be paid into the treasury of the county where the offense is committed, and by such treasurer to the state treasurer, to be added and made a part of the appropriation for sea and shore fisheries."

But in 1899 (chapter 81 of the public laws) the provision of the act of 1897 respecting the recovery of fines was amended so as to read as follows:

"All fines and penalties under this act may be recovered by complaint, indictment or action of debt, brought in the county where the offense is committed. The action of debt shall be brought in the name of the commissioner of sea and shore fisheries, and all offenses under, or violation of the provisions of this statute may be settled by the commissioner of sea and shore fisheries upon such terms and conditions as he deems advisable." Under section 48 of the act of 1897 above quoted, the action of debt could be brought "by any person" but experience had shown that this was no longer necessary or desirable. It was therefore provided by this amendment that the action of debt should be brought in the name of the commissioner. With a distinct declaration to this effect respecting the action of debt, the first sentence in section 48 of the act of 1897 could consistently stand only by striking out the words "by any person." This was obviously found to be the most convenient method of effecting the desired change. It was not necessary that these words should be retained after a separate provision was made for the action of debt. Express provision of the statute was not required to authorize unofficial persons to make a complaint before a magistrate. It is a rule of the common law of immemorial origin that in the absence of statutory requirement to the contrary, all such complaints may be made by any person who can legally be a witness and who has knowledge or information of any violation of the criminal law. 1 Bishop Cr. Proc. section 896. The words "by any person" could

be dropped with impunity, without affecting the procedure by complaint or indictment.

Furthermore if it had been the intention of the legislature to provide by this last amendment that all prosecutions under that chapter whether by complaint or indictment or action of debt should be instituted by the Commissioner or a fish warden, it is remarkable that it should have made explicit provision for the action of debt alone and made no allusion whatever to the complaint or indictment in that connection.    Expressio unius exclusio alterius.

This view is strengthened by a comparison of the provisions of chapter 41 in question with those of chapter 32 relating to inland fish and game.    Section 52 of the latter chapter provides that "the commissioner and every warden throughout the state and every sheriff and constable in his respective county shall enforce the provisions of this chapter"; and section 53 declares that "any officer authorized to enforce the inland fish and game laws may recover the penalties for the violations thereof in an action on the case in his own name   .   .   . or by complaint or indictment in the name of the state."    But these provisions enjoining upon the several officers named in section 52 the duty of enforcing the laws, and authorizing the officers named in section 53 to recover the penalties as therein specified, have never been construed to confer upon these officers the exclusive authority to make complaints before magistrates.    The right of the citizen who has knowledge of the commission of an offense, to appear before a magistrate and make a complaint against the guilty party, has never been denied by reason of any of the provisions of chapter 32.

In like manner the sheriffs and their deputies, municipal officers and constables are expressly commanded in chapter 29 of the Revised Statutes, to be diligent and faithful in enforcing the numerous provisions of that chapter against the illegal keeping and illegal sale of intoxicating liquors; but no citizen having knowledge of the violation of any of the provisions of that chapter has ever been denied the privilege of making a complaint therefor before a magistrate, and no court having jurisdiction of the matter has ever refused to entertain such a complaint because not made by one of the officials mentioned.

But there are special considerations suggested by two of the sections of chapter 41 which tend further to illustrate the improbability that the legislature could have designed to restrict the method of enforcing the provisions of the act in the manner claimed by the defendant.

Section 40 declares that "No person shall set any net or seine within five hundred feet of the mouth of any weir under a penalty of fifty dollars;" and section 37 relating to the planting of oysters provides that : "Whoever trespasses upon such enclosure or injures such oyster beds, is liable in an action of trespass for all damages ; and if he takes away any oysters therein without the consent of the owner, he shall forfeit not less than twenty nor more than fifty dollars, or be imprisoned not exceeding three months."

In a certain class of cases in which the criminal and civil departments of the law appear to be blended, the incentive arising from the grievance of a private wrong, which in some degree actuates the complainant to demand a public prosecution of the guilty party, is recognized as a potent factor in the prompt and efficient administration of the law, and the absence of such a motive is always found to be a serious obstacle in the enforcement of sumptuary and kindred statutes.    So with reference to the sections of chapter 41 last quoted no valid reason is apparent why a private citizen whose fishing privilege or oyster bed is imperilled by the public wrong of his neighbor should be deprived of the right to take prompt measures to prevent the injury by making a complaint therefor in his own name.    He should not be compelled to await the convenience of the Commissioner or his deputy for the commencement of a prosecution.

From this brief history and comparative analysis of the sections quoted from chapter 41, the conclusion is irresistible that the legislature never intended by any of those enactments to confer upon the Commissioner and his deputies or the fish wardens, the exclusive right to make complaints before magistrates for violations of the provisions of that chapter or to oust the court of its jurisdiction of such complaints when thus made and preferred.

The entry must therefore be,

*Judgment on the verdict.    Exceptions overruled.*