[No. 37737. Department Two. August 19, 1965.]

THE TOWN OF ORTING, *Respondent*, v. JOSEPH RUCSHNER, *Appellant*.*

*Duane S. Radliff*, for appellant.

PER CURIAM.—This appeal presents the first case involving allegations of noncompliance with the requirements of the new traffic court rules of procedure, recently promulgated by the Supreme Court.

The appellant, defendant below, was arrested on the evening of November 29, 1963, by the Chief of Police for the town of Orting. The officer had seen the defendant back his truck out of a tavern parking lot in an erratic manner, to say the least. After nearly hitting the police car, the defendant ran the pickup truck back into the parking lot. When the officer approached the defendant to inquire into the cause for this curious driving pattern, it became apparent that the defendant was intoxicated. Thereupon, defendant was arrested and taken to the Sumner police station, where he was given a breathalyzer test indicating .210 per cent of blood alcohol by weight.

*Reported in 404 P.2d 983.

The defendant was convicted in the municipal court of the town of Orting of violating an ordinance of the town making it unlawful to drive under the influence of intoxicating liquor. He was fined $200 and sentenced to 30 days in jail. The defendant appealed to the Pierce County Superior Court. After a trial de novo, he again was convicted of violating the ordinance of the town of Orting. However, the superior court reduced the fine to $100, the maximum fine under the ordinance. The 30-day jail sentence was reimposed.

In the superior court, at the completion of the town's case, the defendant moved for a dismissal of the case. It was at this point that the trial judge noticed that there was no complaint in the case file. The attorney for the town of Orting stated that the complaint was the arrest slip which had been admitted as exhibit No. 1.

The town of Orting had elected to create a municipal court under the authority of RCW 3.50.010. This statute provides that procedure in the municipal court is subject to the rule-making authority of the Supreme Court. RCW 3.50.450. Thus, the controlling rules of procedure are found in the Traffic Rules for Courts of Limited Jurisdiction promulgated by this court, effective July 1, 1963. See JTR T2, RCW vol. 0. We note that the arrest was made on November 29, 1963, and the prosecution of this case must be tested by those rules found in volume 0 of the Revised Code of Washington insofar as they apply.

The defendant, on appeal, argues that the prosecution against him is defective for the following reasons: (1) failure to use the Uniform Traffic Ticket and Complaint as required by JTR T2.01(a), RCW vol. 0; (2) failure to serve the ticket on the person of the defendant as required by JTR T2.02(b), RCW vol. 0; and (3) failure to file a complaint against the defendant, see JTR T2.01(d)(1) and JTR T2.04(a), RCW vol. 0. Unfortunately, the town of Orting, the prosecuting body, has not seen fit to favor this court with a brief on the arguments raised on appeal.

 Under the new rules, the Uniform Traffic Ticket and Complaint serves as the complaint in a traffic case. JTR T2.01(d)(1) provides in part:

> Such complaint when signed by the citing officer and filed with a court, or traffic violations bureau, of competent jurisdiction shall be deemed a lawful complaint for the purpose of prosecuting the traffic offenses charged therein.

JTR T2.02(a) provides:

> All traffic violations shall be prosecuted by complaint in the form provided in Rule T2.01 and applicable state statutes.

JTR T2.04(a) provides:

> Every traffic enforcement officer upon issuing a traffic complaint and citation to an alleged violator of any provision of the motor vehicle laws of this state or of any traffic ordinance of any city, town or county, shall deposit the complaint and the abstract of court record copy of such traffic complaint and citation with a court having jurisdiction over the alleged offense or with its traffic violations bureau. This duty may be performed by the officer's supervisor. In either case, deposit as directed must be made within forty-eight hours after issuance of the traffic complaint and citation, nonjudicial days excluded.

These rules clearly require that the ticket be filed as a complaint. In the absence of such a ticket or other appropriate complaint, a court has no jurisdiction to proceed, and no authority is needed to pinpoint, demonstrate or support such a basic requirement of due process. The fact that the traffic ticket was belatedly admitted as an exhibit in the case certainly did not confer jurisdiction on the court. Furthermore, jurisdiction over the subject matter was not waived by entering a plea, assuming that a plea was entered in this case. The conclusion is inescapable that without a complaint on file there was no jurisdiction for either the municipal court or the superior court to proceed in this matter. The conviction is therefore void.

The other arguments of the defendant will be mentioned for the purpose of alerting municipal authorities to prob-

lems inherent in ignoring the new justice court rules.

The defendant argued that the arresting officer failed to meet the requirements of JTR T2.02(b):

> Whenever any person is arrested by an officer for any violation of the traffic laws, or regulations of the state, a county or a city, the officer shall fill out the complaint and citation form in accordance with Rule T2.01 and applicable statutes. The arresting officer shall serve a copy of the complaint and citation on the person . . . .

The testimony of the arresting officer at the superior court trial was that he did not remember how he served the ticket or whether, in fact, he did so at all. He stated that he probably mailed the ticket to the defendant. In our disposition of this case we need not decide whether the action of the officer met the requirement that "The arresting officer shall serve a copy of the complaint and citation on the person . . . . ", but we will observe in passing that the officer's memory and his conduct as remembered by him were suspect. Obviously, he did not comply explicitly with the pertinent rule. Concededly, the intoxication of the defendant could have been a factor respecting the applicability of the requirement.

The defendant also attacks the failure of the town to use the "Uniform Traffic Ticket and Complaint," required by JTR T2.01(d)(1):

> The complaint shall contain a form of certificate by the citing official to the effect that he certifies, under penalties of perjury, as provided by RCW 3.50.140, and any law amendatory thereof, he has reasonable grounds to believe, and does believe, the person cited committed the offense(s) contrary to law. The certificate need not be made before a magistrate or any other person.

In the superior court the attorney for the town correctly stated that the above certificate was designed to replace the old requirement that the arresting officer verify the complaint before a judge. See RCW 3.50.130. The town attorney also argued that this defect, just as in the past, could be waived when the defendant entered a plea. In other words, this was a defect in the complaint or information

which was "waivable." The record shows that the attorney for the town was relying on *State v. Hurd*, 5 Wn.2d 308, 105 P.2d 59 (1940). However, as we have already stated, we need not express an opinion on this issue as we have determined that without a complaint on file the trial court had no jurisdiction to proceed.

Appellant's other assignments of error merit no discussion.

Under the circumstances herein, we have no alternative except to reverse the conviction and remand the case for dismissal of the charges against the defendant. Lest too much be read into the disposition of this case, we will observe that we are not expressing any opinion as to any questions concerning the advisability of filing a new complaint against the defendant.

FINLEY, J. (concurring)—I concur in the per curiam opinion. However, it seems to me that the instant case highlights and clearly demonstrates the need for a training and educational program respecting the handling or processing of serious traffic offenses, and this prompts the following additional brief concurring remarks.

Such a training and educational program comes under the caption "Judicial Administration and Management of the Courts and their Operations." It should reach law enforcement officers, city and county attorneys, magistrates, and judges processing serious traffic offenses. This function could and should be performed by the office of the Court Administrator of the State of Washington, essentially with the assistance and cooperation of the Washington Magistrates Association. But for more than 6 years the state administrative office for the courts has consisted of only one full-time man, *i.e.*, the Court Administrator, and one full-time secretary-stenographer. The problem is one of appropriations to permit a reasonable increase in the Court Administrator's staff. With a modest increase in appropriations and a consequent modest expansion of staff, the functions of the Court Administrator could be strengthened and expanded with constructive results in terms of a more effective administration of justice. This

could well include the launching of an effective program of education and administration respecting the processing of serious traffic offenses in the courts of limited jurisdiction.

The indicated policy of very limited administration and management respecting the courts, and the reasons for it —*i.e.*, the lack of a very modest increase in appropriations for the Court Administrator's office—have in my opinion contributed substantially, in fact permitted, a *comedy of errors* which literally has occurred in the instant case. A serious traffic offense and the alleged perpetrator of it, presently at least, are beyond the pale of the law, and perhaps little can be done about the matter in terms of improving or regulating by court action the dangerous driving habit of the traffic safety violator. The only fortunate thing about the instant case is the fact that no law-abiding citizens were injured by serious traffic safety violations involving the alleged illegal lawbreaking proclivities of the defendant truck driver. Much of the answer to the problem of more effective and efficient courts lies in the application to the courts of modern business administration or management techniques. This, however, does require additional legislative appropriations, which to date have not materialized. Perhaps this footnote added to the per curiam disposition of the instant case in the interest of improving traffic safety by improving the effectiveness of the administration of justice in the traffic courts will be helpful, and not just idle talk.