[No. 38033.   Department Two.   September 8, 1966.]

THE CITY OF SEATTLE, *Respondent,* v. WILLIAM E. REEL, *Appellant.**

*Robert S. Egger,* for appellant.

*A. L. Newbould* and *John R. Nowell,* for respondent.

FINLEY, J.—William E. Reel, appellant-defendant, was convicted in the Municipal Traffic Court of the City of Seattle on a charge of driving while under the influence of intoxicating liquor. He appealed to the superior court. After a trial de novo in which appellant waived a jury and was tried by the Honorable Frank D. James of the Superior Court for King County, he was again convicted. Here on appeal he claims no error as to the insufficiency of the evidence to convict or as to any other prejudicial errors occurring during the trial. However, he attempts to place his case within the ambit of the reasoning and the decision in *Town of Orting v. Rucshner,* 66 Wn.2d 732, 404 P.2d 983 (1965). He contends that the trial court was without jurisdiction to try the case because of alleged defects in the *citation portion* of the uniform citation and complaint issued in this case by the Seattle police officer. The alleged defects constitute appellant's assignments of error, as follows:

1. The copy of the citation which was given to the appellant failed to state which day of the month the alleged violation occurred.

*Reported in 418 P.2d 237.

2. The citation issued appellant does not bear any date of issuance.

3. The citation issued appellant did not advise him of the amount of bail required for the charged offense.

4. The citation issued appellant did not state the time, date, or place at which appellant was to appear in court or the traffic violations bureau.

In the *Orting* case there was no complaint of any kind whatsoever before the court. We held the trial court was, therefore, without jurisdiction, and remanded the case for dismissal. There is no question that there was a complaint in the instant case. The decision in *Orting, supra,* is therefore not apt.

At the outset of the trial in the superior court, appellant moved for a dismissal on grounds comparable to the errors assigned here on appeal. The motion was denied. Following the trial, the court entered findings of fact, reading in part as follows:

*Finding of Fact IV:*

The defendant was arrested, taken to the Seattle Municipal Jail, informed as to the amount of bail, and did post bail, and was given the citation upon his release from jail. Therefore, defendant was aware of the actual date of issuance, and that the omission of the date of issuance on the citation neither misled nor prejudiced the defendant, and did not tend to prejudice any substantial right of defendant.

*Finding of Fact VIII:*

The charges against the defendant and the evidence against defendant were of sufficient gravity as to authorize the traffic officers to place defendant directly under arrest and to bring him to the City Jail, rather than allowing him to remain at liberty under a mere citation to appear. That the officers did in fact place defendant under arrest at the scene and did bring him to the Seattle Municipal Jail. That upon being advised of the amount of bail at the Municipal Jail, defendant did in fact post bail and was given written notice of the time, date and place of trial before leaving the Municipal Jail. The failure of the citation to specify the time and place to appear in court or at a traffic violations bureau, neither

misled nor prejudiced defendant and did not tend to prejudice any substantial right of defendant.

█ Appellant makes no assignment of error to the findings of fact of the trial court, quoted above; consequently, these findings become verities, and establish the facts of this case insofar as this appeal is concerned. We are convinced that the findings of fact, in the absence of any assignment of error, claim, or argument as to their impropriety, are conclusive of the legal proposition that this appeal is entirely without merit.

The judgment of the trial court should be affirmed. It is so ordered.

ROSELLINI, C. J., WEAVER and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.