[No. 38764.    Department One.    November 10, 1966.]

THE STATE OF WASHINGTON, *Appellant,* v. MYRTLE DOOLITTLE, *Respondent.**

*Reported in 419 P.2d 1012.

*Charles O. Carroll, Neil C. Buren,* and *Stephen R. Schaefer,* for appellant.

*Hawkins, Ingalls & Bonjorni,* by *Duncan A. Bonjorni,* for respondent.

RUMMEL, J.†—On July 12, 1965, a trooper of the Washington State Patrol went to the scene of an accident where he found that the automobile of the defendant had come into collision with another vehicle. The officer could not issue a complaint and citation at the scene because no misdemeanor was committed in his presence. On July 19, 1965, he filed a complaint in the Federal Way Justice Court in the form provided by Rule T2.01, chapter T2 of the Traffic Rules for Courts of Limited Jurisdiction, as adopted by the Supreme Court. The violation charged was that the defendant "Failed to yield right of way upon entering public highway."

A letter dated July 19, 1965, was then mailed to the defendant. This letter advised her that a complaint or Washington State Patrol citation had been filed with the court, and it informed her of the violation charged, and that the bail was $39. The letter also stated that she was entitled to an impartial hearing and an opportunity to explain the circumstances if she so desired. If she preferred, she was told, she could forfeit the bail, but in any case bail must be posted within 7 days from the date of the notice in order to avoid issuance of a warrant for her arrest. This document was signed by the Federal Way Justice Court by the clerk. A copy of the combined complaint and citation,

---

†Judge Rummel is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

executed on the Washington Uniform Traffic Citation form, was enclosed.

The transcript of the proceedings before the justice court reveals that the defendant then deposited bail and her attorney entered an appearance. A notice of the trial date was sent by the court on August 10th and the matter came on for hearing on August 20th. At that time, according to this transcript, the attorney for the defendant moved to strike the complaint on the basis that it did not comply with JTR T2.01(b)(4). This rule requires that the complaint and citation shall contain the time at which the person cited is to appear, which must be not less than 3 days nor more than 15 days after the alleged violation. In this space instead of a date were the words "3 days." On the basis of a defective complaint, the court dismissed the case. Whereupon the state appealed by writ of certiorari to the Superior Court of King County.

The Washington Uniform Traffic Citation form contains a space for the date on which an arrested person agrees to appear. The form contemplates that it will be served at the scene of a violation and will contain the signature of the defendant showing that he has agreed to appear. Obviously the form was not designed to fit the situation where the complaint and citation are not issued until a later time.

█ The superior court held that the rule providing for the date of appearance to be stated in the citation and to be not less than 3 days nor more than 15 days after the alleged violation was not a statute of limitations intended to replace the 1 year statute of limitations as provided in RCW 10.01.020. Therefore it declined to approve the dismissal of the complaint on this ground. With this we agree.

In the superior court, however, the defendant raised an additional objection to the effect that no jurisdiction was acquired of her because Rule JTR T2.02 had not been followed. This rule provides as follows:

(a) All traffic violations shall be prosecuted by complaint in the form provided in rule T2.01 and applicable state statutes.

(b) Whenever any person is arrested by an officer for

any violation of the traffic laws or regulations of the state, a county or a city, the officer shall fill out the complaint and citation form in accordance with rule T2.01 and applicable statutes. The arresting officer shall serve a copy of the complaint and citation on the person and either

(1) Take the person arrested directly and without delay before an officer authorized to accept bail, or a judge, for deposit of bail; or

(2) if bail is not deposited, before a judge as hereinafter provided; or

(3) permit the person charged with the violation to give his written promise to appear in court or traffic violations bureau by signing the original traffic citation prepared by the officer, in which event the officer shall deliver the violator's copy of the citation to the person, and thereupon the officer shall release the person from custody.

It was claimed by the defendant that the requirement contained in Rule T2.02(b), that the arresting officer "shall serve a copy of the complaint and citation on the person," is mandatory. The superior court recognized that Rule T2.02 applied to a situation where an arrest was made at the scene, but it was of the opinion that there should have been personal service of the citation or warrant. The court ruled that, because the only service was by mail, the process was defective and it also dismissed the complaint. The state has now appealed to this court.

█   In prescribing the Rules for Courts of Limited Jurisdiction, the civil rules, the criminal rules and the traffic rules have each been placed in a separate chapter. An intent to treat traffic violators as a class apart from those charged with other misdemeanors in the justice courts is apparent in the rules. In fact, in chapter T3, provision is made to deal with traffic cases separate and apart from other cases. Unlike the complaint provided for by the criminal rules, Rule T2.01 provides for a complaint and citation to be substantially in the form known as the "Uniform Traffic Ticket and Complaint" sponsored by the American Bar Association Traffic Court Program. This rule also specifies what the form of the complaint and citation shall contain,

for its execution by the arresting officer, and for the use of the same form of complaint when signed by someone other than an officer. Rule T2.02, *supra*, provides that all violations shall be prosecuted by complaint in the form provided in Rule T2.01 and applicable state statutes. Rule T2.01(d)(1) refers to RCW 3.50.140, which permits a form of certificate by an official which need not be sworn to before a magistrate. This section of the statute is the applicable state statute referred to in Rule T2.02. Thus, this form of complaint is the only one prescribed by the traffic rules.

The defendant would have us condemn the practice of sending to a defendant the type of letter used in this case. She insists we should adopt the position of the superior court to the effect that nothing short of personal service of a complaint and citation or a complaint and warrant will suffice. The contrary is urged by the state. It would have us put our stamp of approval upon such a letter. The state argues that obviously the traffic rules do not contemplate the situation created by a later issuance of a complaint and therefore the justice courts have adopted their own procedures. A letter permitting a defendant to come in and deposit bail and be notified of a trial date, it says, does not accord the harsh treatment to a person charged with a violation which would result if the courts were to proceed by immediately issuing a warrant for the arrest of a person accused of a traffic violation.

The criminal rules provide that a warrant may issue, or if the judge has reason to believe the defendant will appear he may issue a *summons* (J Crim. R 2.02). If the defendant fails to appear, the rule directs that a warrant then issue. The traffic rules, by prescribing the form of complaint and citation or warrant, preclude the application of the criminal rules so there is no provision for a summons in the traffic rules. The only reference to the criminal rules found in the traffic rules is as follows:

RULE T3.03   Traffic Cases—Arraignment and Trial. The Criminal Rules for Courts of Limited Jurisdiction, insofar as they are not inconsistent with these rules, shall govern

the proceedings in traffic cases following the preliminary proceeding provided for in Chapter T2 of these rules.

Under J Crim. R 3.01 applying to criminal procedure, when the defendant is arraigned the court is required to read the complaint or to state the substance of the charge to the defendant. The rule also says, "He shall be given a copy of the complaint before he is called upon to plead." Thus, by reference to the criminal rules provision is made for the serving of a complaint in another way than by the requirement of the service by the officer as set forth in Rule T2.02, *supra*, a section applying to the procedure to be followed when a traffic misdemeanor is committed in the presence of an officer and which violation is followed by an arrest on the scene. The procedure prescribed in Rule T2.02 is therefore not exclusive and mandatory.

■ It would seem that the confusion in the instant case arises partly from a failure to distinguish between a citation and a warrant. The idea of issuing a citation is not new. Its use is to avoid the unceremonious removal, perhaps in the middle of the night, of the responsible citizen from the highway and his subsequent incarceration in a local jail in lieu of bail. The rules are designed to permit the officer to execute a valid complaint on the spot and to issue a citation, which in effect is a release of the defendant on his personal recognizance. A citation is not a warrant. An arrest has already occurred. Rule T2.05 provides for the issuance of a warrant if there is a failure to appear as directed after the defendant has agreed to so do by signing the citation.

RCW 46.64.015 provides:

> Whenever any person is arrested for any violation of the traffic laws or regulations which is punishable as a misdemeanor, the arresting officer may serve upon him a traffic citation and notice to appear in court. Such citation and notice shall conform to the requirements of RCW 46.64.010, and in addition, shall include spaces for the name and address of the person arrested, the license number of the vehicle involved, the operator's license number of such person, if any, the offense charged, the time and place where such person shall appear in court,

and a place where the person arrested may sign. Such spaces shall be filled with the appropriate information by the arresting officer. The arrested person, in order to secure release, and when permitted by the arresting officer, must give his written promise to appear in court as required by the citation and notice by signing in the appropriate place the written citation and notice served by the arresting officer. Upon the arrested person's failing or refusing to sign such written promise, he may be taken into custody of such arresting officer and so remain or be placed in confinement: *Provided,* That an officer shall not serve or issue any traffic citation or notice for any offense or violation except when said offense or violation is committed in his presence.

Rule T2.03(c) contemplates that under certain circumstances a warrant may issue as it provides for the procedure following execution of a warrant.

It was contemplated by the traffic rules that persons committing offenses in the presence of an officer need not be summarily brought in. It would be unrealistic to say that it was the intent of the rule that those later accused of an offense were not to be accorded the same courtesy of appearing after some intervening period.

Actually, a letter such as the one used in this instance informs the defendant he is being extended the same courtesy granted to those persons arrested at the scene. He is told to either come in and submit to the jurisdiction of the court and put up bail or a warrant will be issued for his arrest. When he does appear, it should be made certain that he is provided with a copy of the complaint.

Here, the defendant exercised the option of appearing and posting bail, and being advised of a trial date. She received a copy of the complaint. If she had not come in voluntarily, the state would then have had to proceed by having a warrant issued. By appearing and posting bail she waived her right to be arrested by the process of a warrant and thereby she submitted to the jurisdiction of the court.

The matter will be remanded with directions to vacate the order dismissing the complaint. The superior court

shall then return the case to the justice court for further proceedings upon the merits.

ROSELLINI, C. J., OTT, HUNTER, and HALE, JJ., concur.