[No. 73-40627-1.    Division One.    November 3, 1969.]
Panel 1

THE CITY OF SEATTLE, *Respondent,* v. TRACY M. CISEL, *Appellant.*

*Malcolm L. Edwards,* for appellant.

*A. L. Newbould, Corporation Counsel,* and *Richard H. Wetmore, Assistant,* for respondent.

SWANSON, J.—On January 19, 1968, the siren of officer Hartwig's patrol vehicle issued its summons to Tracy M. Cisel a few blocks after she had driven through the intersection at Northeast 80th Street and Roosevelt Way Northeast in the city of Seattle. At the roadside confrontation immediately following, a citation was written on a Washington Uniform Traffic Complaint. Boxes were checked to indicate that defendant "Failed to Stop" for a "Traffic Signal." Contending her only act was failure to stop for an amber light, appellant told Hartwig the citation was ambiguous and made an attempt to have the precise charge noted on the face of the ticket. Failing in this endeavor, appellant accepted the citation, and the complaint was filed in the Seattle Municipal Court. Prior to its filing, however, Hartwig wrote a summary of the incident on the back of the complaint under a heading entitled "Abstract of Court Record" and "Officer's Remarks."

This rather commonplace occurrence was the genesis of the legal battle that followed through the municipal court, King County Superior Court, and an appeal to this court.

A brief chronological summary follows:

On March 1, 1968, a warrant was issued for the arrest of the appellant. The warrant contained on it the specific section she was charged with violating, Seattle Municipal Code § 21.12.060.[1] On April 24, 1968, appellant appeared in municipal court, pleaded not guilty, and was convicted and fined $15 plus a penalty of $3. In September, 1968, after having appealed to the superior court, appellant moved to dismiss the complaint. The motion was denied. On September 10, 1968, trial de novo was had before Judge Gaines without a jury. She was found guilty.

Appellant moves that leave be granted to ask for a new trial on the basis of newly discovered evidence. In view of our determination on the merits as to the adequacy of the complaint, such newly discovered evidence would not change the result. The motion is denied. *State v. Mesaros,* 62 Wn.2d 579, 384 P.2d 372 (1963). The main thrust of appellant's argument is that she was never provided with a copy of the accusations against her. Const. art. 1, § 22 (amendment 10) provides as follows:

> In criminal prosecutions the accused shall have the right . . ., to demand the nature and cause of the accusation against him, to have a copy thereof, . . .

The original copy of the complaint contained the officer's statement which clarified the charge and indicated that it was running a red light rather than going through a yellow or amber light. Appellant cites *State v. Price,* 59 Wn.2d 788, 370 P.2d 979 (1962), and *In re Salter,* 50 Wn.2d 603, 313 P.2d 700 (1957), for the proposition that the denial of a constitutional right in connection with an accusation

---

[1]*"21.12.060 Red alone or the word 'stop.'* Vehicular traffic facing such signal shall stop before entering the nearest crosswalk at an intersection or at such other point as may be designated by the proper traffic authority.

against the appellant is such an irregularity that any judgment obtained under it should be vacated.

Mrs. Cisel's copy of the complaint indicated the accusation against her, except as to whether the traffic light referred to was red or amber. Does the fact that the officer made notations on the reverse side of the complaint as indicated make the complaint on file sufficiently different from that received by appellant to justify or support the conclusion that she did not receive a copy?

■ We do not think so. The notation on the reverse side by the arresting officer of his recollections made no basic change in the complaint, nor did it make the copy in Mrs. Cisel's possession any less a copy than would the incidental writing by a clerk. We say this without lending our approval to the procedure.

Appellant's second assignment of error states that the complaint was so ambiguous that she was not apprised of the nature and cause of the accusation against her. If this contention is true, the complaint violated the dictates of Const. art. 1, § 22 (amendment 10).

■ What is the constitutional test which this court must apply? In an early case the provision was read to mean:

> "The accused, in criminal prosecutions, has a constitutional right to be apprised of the nature and cause of the accusation against him. . . . And this can only be made known by setting forth in the indictment or information every fact constituting an element of the offense charged. This doctrine is elementary and of universal application, and is founded on the plainest principles of justice."

*State v. Bryant,* 90 Wash. 20, 23, 155 P. 420 (1916), quoting from *State v. Ackles,* 8 Wash. 462, 36 P. 597 (1894).

How does a court know when this constitutional test has been met? In *State v. Primeau,* 70 Wn.2d 109, 113, 422 P.2d 302 (1966), the court stated:

> Although the charge must apprise a defendant with reasonable certainty of the nature of the offense, it is

usually deemed sufficient if it enables him to prepare his defense and plead any judgment in bar to a subsequent prosecution for the same offense.

To comply with these constitutional requirements Rule T2.01(b)(3) of the Traffic Rules for Courts of Limited Jurisdiction provides as to the sufficiency of the complaint:

(b) Each of the parts shall contain the following information or blanks in which such information shall be entered:

. . .

(3) The offense of which he is charged, the date, the time and place at which the offense occurred, the date on which the citation was issued, and the name of the citing officer.

The appellant received a complaint which fulfills these statutory requirements. The complaint charged appellant with failure to stop for a traffic signal. The problem arises from appellant's claiming she violated Seattle Municipal Code 21.12.040[2] by failing to stop for a yellow light, whereas the city constantly maintained the charge to be violation of 21.12.060, *supra*.

This, at most, raises only a question of fact, and we must only determine if the complaint properly alleged a violation of 21.12.060. As to the complaint, there can be no doubt as to its constitutional sufficiency. But here we have more than the complaint. Six weeks before trial in municipal court, appellant received a warrant which set out the exact ordinances which she was charged with violating.

When the matter came on for trial in municipal court appellant's attorney conceded that she knew the nature of the charge. No objection was made to the complaint when it was read, and appellant pleaded not guilty to the

---

[2] *"21.12.040 Yellow alone or the word 'caution' when shown following the green or 'go' signal.* Vehicular traffic facing such signal shall stop before entering the nearest crosswalk at the intersection or at such other point as may be designated by the proper traffic atuhority [*sic*]. However, if such stop cannot be made in safety, a vehicle may be driven cautiously through the intersection. No pedestrian facing such a signal shall enter the roadway."

21.12.060 charge. This plea would allow appellant to raise the defense that the light she ran was amber, not red.

Again, looking to the sufficiency of the complaint, one must note that JTR T3.01(f)[3] requires a defendant to object to the validity or regularity of a complaint before trial. This appellant did not do. It is also significant that the appellant at no time filed a motion or took any pretrial steps to obtain a copy of the officer's remarks which she knew had been placed on the complaint. Normally, such efforts would constitute unusual trial preparation for a minor traffic violation charge. However, when considered in the context of the tenacity and zeal displayed by the appellant in writing to the judicial council, the dean of the law school, the administrator of the courts, etc., such a step would not seem unreasonable.

When the matter came on for trial before Judge Gaines, de novo, it was apparent that appellant had been totally free from any doubt as to the charge placed against her even prior to the trial in municipal court. It is evident that appellant was informed of the nature of the charge and accusation against her, and any objection to the citation or complaint was waived when she did not object pursuant to the requirements of JTR T3.01(f).[4]

Appellant's third and fourth assignments of error relate to the court's findings of fact that she ran a red light. A court on review may examine the whole record to determine whether the evidence upon which a verdict is based is substantive. This we have done, and we conclude that it is.

> Given substantial evidence and all favorable inferences derivable from it to support the verdict, the court on review is not free to weigh the evidence and decide whether it preponderates in favor of the verdict, regardless of how the court on review might have resolved the issues of fact.

---

[3]"(f) *Objections Before Trial.* An objection to the validity or regularity of the complaint or process issued thereunder shall be made, orally or in writing, by the defendant before trial."

[4]*Id.*

*State v. Basford,* 76 Wn.2d 522, 531, 457 P.2d 1010 (1969).
    For the reasons above stated, the judgment and sentence entered by the trial court are affirmed.

JAMES, C. J., and FARRIS, J., concur.

Petition for rehearing denied December 12, 1969.