[No. 2546-1.   Division One.   January 6, 1975.]

THE CITY OF MERCER ISLAND, *Appellant*, v. DONALD HOLMES CROUCH, *Respondent.*

*Montgomery, Purdue, Blankinship & Austin, Peter D. Jarvis* and *M. Wayne Blair,* for appellant.

*William J. Morris,* for respondent.

JAMES, J.—Defendant Donald Crouch allegedly drove an automobile which struck another vehicle, causing minor damage. A Mercer Island police officer was called to the scene and conducted an investigation. Later that day, Crouch went to the police station and picked up a copy of a Uniform Traffic Ticket and Complaint signed by the investigating officer which charged him with failure to yield the right-of-way from a stop sign. Five days later, the Uniform Traffic Ticket and Complaint was filed with the Mercer Island Justice Court and Crouch appeared and signed a personal recognizance bond.

Crouch was arraigned in justice court and pleaded not guilty. At trial, he moved to dismiss the complaint on the ground that the court had not acquired jurisdiction. The court denied the motion and found him guilty. He appealed to superior court for a trial de novo and moved to dismiss the charge again at the conclusion of the prosecution's evidence. The court granted the motion to dismiss. Mercer Island appeals assigning error to the court's dismissal of the case.

Mercer Island first argues that Crouch failed to raise his jurisdictional challenge *before* trial in justice court and again *before* trial in superior court and that this failure constitutes a waiver under JTR T3.01(f).[1] *Seattle v. Cisel*, 1 Wn. App. 236, 460 P.2d 287 (1969). Mercer Island did not make this challenge before the superior court, however, and we are therefore precluded from considering it on appeal. *Felsman v. Kessler*, 2 Wn. App. 493, 468 P.2d 691 (1970).

Mercer Island primarily argues that the court erred in dismissing the complaint for want of jurisdiction. We agree.

The traffic rules for justice court require that in traffic cases, a standardized form known as the Uniform Traffic Ticket and Complaint be used. JTR T2.01(a). The Uniform Traffic Ticket and Complaint is sponsored by the American

---

[1] "An objection to the validity or regularity of the complaint or process issued thereunder shall be made, orally or in writing, by the defendant before trial."

Bar Association to simplify the processing of traffic cases by the use of one form to serve various purposes. The original of the form, when filled out, serves as the complaint to initiate the criminal action against the accused. One of the carbon copies of the form serves to notify the accused of the action, while other copies serve as reports to the state licensing authority and as a police record.[2]

■ In support of the trial court's conclusion, Crouch raises a number of related arguments. He first argues that the officer investigating the accident arrested him and that because he was arrested for a misdemeanor which was not committed in the presence of the officer, the arrest was invalid. He contends that this invalid arrest deprived the court of jurisdiction over him. Crouch's argument is not well taken. Assuming for purposes of argument that the officer actually did arrest Crouch at the scene of the accident,[3] the unlawful arrest did not affect the validity of the subsequent proceedings. The record reflects that Crouch entered a plea of not guilty and was present for the trial. The rule in Washington, as elsewhere, is that:

> Where, for any reason, an arrest is invalid, but the defendant enters a plea of not guilty and is in court on the day of trial, the court has jurisdiction of his person. *State v. Melvern*, 32 Wash. 7, 72 Pac. 489 [1903]. Where the court has jurisdiction of the person of a defendant, it is not a ground for quashing or dismissing a criminal prosecution that he was not lawfully arrested. *State v. Melvern, supra; State v. Ditmar*, 132 Wash. 501, 232 Pac. 321 [1925].

*State v. Ryan*, 48 Wn.2d 304, 305-06, 293 P.2d 399 (1956).

---

[2]JTR T2.01(a). For more information about the Uniform Traffic Ticket and Complaint, *see* Comment, *Requirement of Properly Filed Complaint in Municipal Traffic Court*, 41 Wash. L. Rev. 543 (1966); J. Economos, *In the Use of Uniform Traffic Complaint* (1958); and J. Economos, *Traffic Court Procedure & Administration* (1961).

[3]The record is unclear whether the officer arrested Crouch. However, there is substantial authority for the proposition that the mere issuance of a citation does not constitute an arrest, but simply an invitation to appear in court. *See* E. Fisher, *Laws of Arrest* § 39 (1967) and R. Donigan & E. Fisher, *Know the Law* 222-28 (1958).

*See also Ollison v. Rhay*, 68 Wn.2d 137, 412 P.2d 111 (1966); *Irwin v. Department of Motor Vehicles*, 10 Wn. App. 369, 517 P.2d 619 (1974); 21 Am. Jur. 2d *Criminal Law* § 380 (1965). *Compare St. Paul v. Webb*, 256 Minn. 210, 97 N.W.2d 638, 76 A.L.R.2d 1423 (1959).

■ Further, a court's jurisdiction arises from the filing of a valid complaint, not from an arrest. *Orting v. Rucshner*, 66 Wn.2d 732, 404 P.2d 983 (1965). *See Duncan v. Brothers*, 344 S.W.2d 398 (Ky. App. 1961). Therefore, the jurisdiction of the court was not destroyed by an invalid arrest.

■ Crouch next argues that the *complaint* is invalid because it was signed by an officer who did not witness the alleged misdemeanor. This argument confuses an officer's authority to arrest for a misdemeanor not committed in his presence with his authority to make a complaint in a criminal action.

> It is a rule of the common law of immemorial origin that in the absence of statutory requirement to the contrary, all [criminal] complaints may be made by any person who can legally be a witness and who has knowledge or information of any violation of the criminal law. 1 Bishop, Cr. Proc. section 896.

*State v. Giles*, 101 Me. 349, 352, 64 A. 619 (1906). *See also* 22 C.J.S. *Criminal Law* § 305 (1961). Thus, an officer who has investigated an accident, seen the physical evidence and talked to the accused is competent to make a complaint against the accused, even though the crime charged is a misdemeanor which was not committed in his presence. *People v. Belcher*, 302 N.Y. 529, 99 N.E.2d 874 (1951); *State v. Steele*, 95 Ohio App. 107, 117 N.E.2d 617 (1952); E. Fisher, *Laws of Arrest* § 191 (1967); 22 C.J.S. *Criminal Law* § 305 (1961); R. Donigan & E. Fisher, *Know the Law* 303-05 (1958).

Crouch contends, however, that the proviso in RCW 46.64.015 limits the authority of an officer to make a complaint in a case where the alleged misdemeanor was not committed in his presence. RCW 46.64.015 provides in part:

Whenever any person is arrested for any violation of the traffic laws or regulations which is punishable as a misdemeanor, the arresting officer may serve upon him a traffic citation and notice to appear in court. . . . The arrested person, in order to secure release, and when permitted by the arresting officer, must give his written promise to appear in court as required by the citation and notice by signing in the appropriate place the written citation and notice served by the arresting officer. Upon the arrested person's failing or refusing to sign such written promise, he may be taken into custody of such arresting officer and so remain or be placed in confinement: *Provided, That an officer shall not serve or issue any traffic citation or notice for any offense or violation except when said offense or violation is committed in his presence.*

(Italics ours.)

The purpose of the statute is clear: A citation is issued to avoid the unceremonious removal, perhaps in the middle of the night, of the responsible citizen from the highway and his subsequent incarceration in a local jail in lieu of bail.

*State v. Doolittle*, 69 Wn.2d 744, 749, 419 P.2d 1012 (1966). The statute, by its plain words, is directed to the authority of an officer to issue a *citation* for a misdemeanor. It does not limit an officer's authority to make a *complaint*, for the signing and filing of a complaint does not involve the potential "unceremonious removal" from the highway.[4]

Crouch argues, however, that the officer's issuance of a citation at the police station violated the statutory proviso and requires dismissal of this action. The jurisdiction of a

---

[4]Crouch argues that Attorney General Opinion, June 19, 1951, and several recent proposed amendments of the statute (House Bill 117, 41st Legislature (1969); Senate Bill 91, 41st Legislature, 2nd Ex. Sess. (1970); House Bill 238, 42nd Legislature, 2nd Ex. Sess. (1972); House Bill 159, 43rd Legislature (1973); and Engrossed Senate Bill 2058, 43rd Legislature (1973)) reflect a recognition that the statute limits the authority of an officer to make a complaint. Upon examination, however, both the opinion and the amendments are directed to the power of an officer to issue *citations*. Neither affect the authority of an officer to make a *complaint*. They are therefore inapposite.

court is conferred by the filing of a valid complaint, not by the arrest or citation of the accused. *Orting v. Rucshner, supra.* In the traffic case context, this principle is illustrated by *Seattle v. Reel,* 69 Wn.2d 227, 418 P.2d 237 (1966). In *Reel* the court held that alleged errors in the citation portion of a uniform citation and complaint did not deprive the court of jurisdiction because an admittedly valid complaint had been filed. *See also Solt v. People,* 130 Colo. 1, 272 P.2d 638 (1954); *State v. Melanson,* 152 Me. 168, 126 A.2d 278 (1956); Fisher, *Traffic Complaints,* Traffic Dig. & Rev. 18-20 (Feb. 1968).

> [U]ntil a court acquires jurisdiction of a case through the filing of a legal complaint, affidavit or other form of charge, neither it nor anyone else has power or authority to issue its process. Legal process is issued by courts, not police officers. Entitling a paper a "summons" [or citation] does not invest it with the efficacy and legal status of such process, nor does its title transform it into something which it is not.

Donigan & Fisher, *Courts View the Uniform Citation & Complaint,* Traffic Dig. & Rev. 32, at 38 (July 1961). Where jurisdiction is properly obtained by the filing of a valid complaint, a violation of RCW 46.64.015 does not require dismissal of the charge.

Next, Crouch argues that JTR T2.01(d)(1) restricts the authority of officers to make complaints for misdemeanors which were not committed in the officers' presence. JTR T2.01(d)(1) states:

> The complaint shall contain a form of certificate by the *citing official* to the effect that he certifies, under penalties of perjury, as provided by RCW 3.50.140, and any law amendatory thereof, he has reasonable grounds to believe, and does believe, the *person cited* committed the offense(s) contrary to law. The certificate need not be made before a magistrate or any other person. Such complaint when signed by the citing officer and filed with a court, or traffic violations bureau, of competent jurisdiction shall be deemed a lawful complaint for the purpose of prosecuting the traffic offenses charged therein.

(Italics ours.)

Quoting from dicta in *State v. Doolittle, supra* at 749,[5] Crouch argues that the "citing official" referred to in JTR T2.01 (d) (1) can only be an officer who has made an arrest. Crouch reasons therefore that a "citation" can be "issued" only after "an arrest has already occurred." He concludes that an officer who cannot arrest an individual is precluded from making a complaint.

■■ His argument may be rejected on a number of grounds. First, in *Doolittle,* the court *upheld* the conviction for a misdemeanor which was not committed in the presence of the officer who made the complaint. Secondly, the term "citation" is used elsewhere in the traffic rules to include nonarrest situations. JTR T2.01 (b) (4) provides:

> In all cases where the person *is not arrested,* the time and place at which the *person cited* is to appear in court or the traffic violations bureau need not be to a time certain but may be within 72 hours or within a greater period of time not to exceed 15 days after the date of the *citation.*

(Italics ours.) " 'It is a familiar canon of construction, that when similar words are used in different parts of a statute, the meaning is presumed to be the same throughout.' " *DeGrief v. Seattle,* 50 Wn.2d 1, 11, 297 P.2d 940 (1956) quoting *Booma v. Bigelow-Sanford Carpet Co.,* 330 Mass. 79, 111 N.E.2d 742 (1953). *See also Champion v. Shoreline School Dist. 412,* 81 Wn.2d 672, 676, 504 P.2d 304 (1972).

Thirdly, such a construction would derogate from or diminish an officer's common-law authority, discussed above, to

---

[5] "It would seem that the confusion in the instant case arises partly from a failure to distinguish between a citation and a warrant. The idea of issuing a citation is not new. Its use is to avoid the unceremonious removal, perhaps in the middle of the night, of the responsible citizen from the highway and his subsequent incarceration in a local jail in lieu of bail. The rules are designed to permit the officer to execute a valid complaint on the spot and to *issue a citation,* which in effect is a release of the defendant on his personal recognizance. *A citation is not a warrant. An arrest has already occurred.* Rule T2.05 provides for the issuance of a warrant if there is a failure to appear as directed after the defendant has agreed to so do by signing the citation." (Italics ours).

make complaints in any action in which he is competent to testify. Administrative rule for justice court J2 states:

These rules shall govern the procedure of civil, criminal, and traffic cases in all courts of limited jurisdiction inferior to the superior court. They shall be construed to secure the just, speedy, and inexpensive determination of every action. Failure to set forth herein any provisions of common law or statute, not inconsistent with these rules, shall not be construed as an implied repeal thereof.

We conclude that JTR T2.01(d)(1) does not prevent an officer from making a complaint for a misdemeanor which was not committed in his presence.

Crouch finally argues that the complaint was never served upon him in accordance with JTR T2.02(c). That rule provides:

**(c) Obtaining Jurisdiction of a Person not Arrested.** Whenever any person is charged with the violation of the traffic laws or regulations of the state, a county, or a city, but is not arrested, the court shall issue a summons, or in the alternative, a warrant, in the same manner as in Rule 2.02 of the Criminal Rules for Justice Court. Said summons may be served or warrant executed as provided for in said Rule 2.02 of the Criminal Rules for Justice Court. Before proceeding as above, the court may notify the defendant by mail, of the charge, of the existence of a complaint, the date and time or interval of time in which the defendant is to appear, the place to appear, whether the charge is mandatory or forfeitable and if forfeitable, the amount of bail which may be required. Upon posting bail or upon obtaining personal recognizance, the court shall obtain jurisdiction of the person of the defendant in a like manner as if the summons had been served on the defendant or warrant executed.

Crouch contends that since the record does not contain either a letter, summons or warrant issued by the court, no personal jurisdiction was acquired over him.

In *State v. Doolittle, supra,* the court considered whether the provisions of JTR T2.02 concerning service of the summons or warrant were the exclusive means of obtaining jurisdiction, or whether the defendant's appearance in re-

sponse to a letter sent by the court was sufficient to confer personal jurisdiction on the court. At the time of the issuance of the letter in the *Doolittle* case, the traffic rules did not contain subsection (c) quoted above, or any other similar provision authorizing the sending of a letter. Nevertheless, the court held that the provisions of T2.02 were not mandatory or exclusive.

██ Crouch asks us to hold that subsection (c) is exclusive and mandatory. Mercer Island asks us to hold that the record in the case, which includes Crouch's appearance, a personal recognizance bond, and his plea of not guilty, is sufficient to establish personal jurisdiction.

The *Doolittle* case recognized that personal jurisdiction may be obtained by procedures which do not have the sanction of statute or court rule if those procedures are substantially fair to the accused. In this case, though Crouch's appearance and plea may have been made in reliance upon an invalid citation, he has not argued that he had inadequate notice of the charge against him or that he was not permitted sufficient time to prepare his defense. Crouch was not prejudiced by the failure to send him a letter as provided in the rule because upon the filing of the complaint, his appearance could have been coerced by the use of a summons or a warrant. We hold that Crouch waived whatever requirements existed for a letter to be sent to him by his appearance and execution of a personal recognizance bond.

The Superior Court erred in dismissing the case for want of jurisdiction. Reversed and remanded.

SWANSON, C.J., and CALLOW, J., concur.