[No. 6327–5–III.  Division Three.  December 31, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. DOROTHY
JEAN GREEN, *Petitioner.*

*Kenneth C. Burton* and *Burton & Burton,* for petitioner.

*C. J. Rabideau, Prosecuting Attorney,* and *David W. Corkrum* and *Jerry R. Adair, Deputies,* for respondent.

GREEN, C.J.—Discretionary review was granted pursuant to RAP 2.3(d)(3)[1] to determine whether the Superior Court erred in overturning the District Court's dismissal of a resisting arrest charge against Dorothy Green. We affirm.

On August 17, 1983, Ms. Green was arrested on outstanding warrants for failing to pay fines imposed by a court order following a conviction for unlawfully selling game fish. She was also arrested for resisting that arrest. When the officer attempted to issue a citation for resisting arrest, Ms. Green refused to sign the section of the citation promising to appear as directed on the notice. She eventually signed the citation at the police station. Bail was set on both charges pursuant to the uniform statewide bail schedule promulgated by the Supreme Court. Ms. Green posted bail and was released.

Ms. Green moved to dismiss the resisting arrest charge in district court on the basis the citation did not comply with JCrR 2.01(b)[2] because bail was required before the officer would release her from custody. The District Court agreed and the charge was dismissed. On the State's appeal, the Superior Court, while recognizing JCrR 2.01 had been violated, reversed the order of dismissal, holding the District Court had jurisdiction of the charge and Ms. Green had shown no prejudice. She then petitioned for discretionary review.

JCrR 2.01 provides a prosecution may be initiated by complaint or citation. Bail may be required where the charge is made by complaint. However, a citation with a notice to appear is issued in lieu of continued custody and is "in effect . . . a release of the defendant on his personal

---

[1]That section provides for review on the basis "the decision involves an issue of public interest which should be determined by an appellate court . . ."

[2]That section provides in part:

"(1) *Issuance*. Whenever a person is arrested for a violation of law which is punishable as a misdemeanor or gross misdemeanor the arresting officer, or any other authorized peace officer, may serve upon the arrested person a citation and notice to appear in court, in lieu of continued custody."

recognizance." *State v. Doolittle,* 69 Wn.2d 744, 749, 419 P.2d 1012 (1966). When Ms. Green signed the promise to appear on the citation, she was entitled to release on her personal recognizance insofar as the resisting arrest charge was concerned. Thus, the officer requiring bail on that charge was not proper.

The effect of the officer's action presents the sole question on appeal. Ms. Green argues the District Court was correct when it dismissed the charge and the Superior Court order to the contrary should be reversed. She maintains the requirement of bail rendered the citation invalid, depriving the court of jurisdiction. She also contends dismissal should result because her substantial rights under JCrR 2.04[3] and her due process rights were violated. Finally, she maintains her speedy trial rights were violated because she was not brought to trial pursuant to a valid complaint within the required time. We disagree.

■ Ms. Green cites no authority that the imposition of bail renders the citation invalid and deprives the court of jurisdiction. The cases cited involve either no complaint, *Orting v. Rucshner,* 66 Wn.2d 732, 404 P.2d 983 (1965), or a defective one. *State v. Alberg,* 156 Wash. 397, 287 P. 13 (1930). The citation here was not defective. Ms. Green accepted it and agreed to appear. Hence, the court had jurisdiction over her. *State v. Dolman,* 22 Wn. App. 917, 921, 594 P.2d 450 (1979). It was not deprived of jurisdiction simply because Ms. Green was initially taken into custody. *See Mercer Island v. Crouch,* 12 Wn. App. 472, 475, 530 P.2d 344 (1975). Ergo, jurisdiction did not cease to exist because bail was required.

---

[3]JCrR 2.04(b) states in part:

"No citation and notice issued pursuant to the provisions of rule 2.01(b) shall be deemed insufficient for . . . defects or imperfections which do not tend to prejudice substantial rights of the defendant."

Neither do we find merit to Ms. Green's contention that setting bail on the citation was a defect or imperfection "which . . . tend[s] to prejudice [her] substantial rights . . ." JCrR 2.04(b). This case does not involve a simple traffic violation—the circumstances justified a custodial arrest based not only on the outstanding warrants but also on the fact she resisted the arrest. *See State v. Hehman,* 90 Wn.2d 45, 50, 578 P.2d 527 (1978); JCrR 2.01(b)(1)(ii). Moreover, custodial arrest properly followed her refusal to sign the section on the citation promising to appear before the District Court as directed on a later date. RCW 46.64-.015; *State v. Hehman, supra.*

While the officer should not have required bail for a citation that was eventually signed by Ms. Green, she promptly posted the bail and was released. There is nothing in the record showing any prejudice to her defense as a result of the officer's actions. She was fully aware of the nature of the charge and does not claim any prejudice based on lack of notice. Nor is it claimed she was held an unreasonable time after she signed the citation. She would have been held in custody in any event until bail was posted on the warrants for failure to pay fines. Hence, we find no prejudice to her substantial rights under JCrR 2.04 nor to her due process rights that would warrant dismissal of the charge. *Cf. State v. Eugene W.,* 41 Wn. App. 758, 706 P.2d 235 (1985); *Seattle v. Reel,* 69 Wn.2d 227, 228–29, 418 P.2d 237 (1966); *Mercer Island v. Crouch, supra* at 480.

■ Our holding disposes of Ms. Green's argument that her speedy trial rights were violated. A valid citation was filed within the requisite time. Further, since the case was appealed, the time for speedy trial is tolled until the date this case is mandated. *State v. Bepple,* 14 Wn. App. 491, 542 P.2d 1260 (1975). In the circumstances presented, the trial court did not err in overturning the District Court's decision to dismiss the charges against Ms. Green.

Affirmed.

Munson and Thompson, JJ., concur.