[No. 6369–44926–1. Division One. March 19, 1979.]

THE STATE OF WASHINGTON, *Appellant,* v. WILLIAM T. DOLMAN, *Respondent.*

*Thomas Moser, Prosecuting Attorney,* for appellant.

*Moriarty, Long, Mikkelborg & Broz* and *Charles E. Yates,* for respondent.

JAMES, J.—This case presents the question of whether a prosecutor can charge a misdemeanor by an information in superior court after an accused has complied with a lawfully issued citation and notice to appear in district court upon a charge for the same offense. We agree with the trial court that even if the citation and notice to appear were not formally filed in district court, prosecution in superior court is barred.

The undisputed facts are as follows: On October 2, 1976, defendant William T. Dolman was charged with the violation of a commercial fishing regulation. As authorized by JCrR 2.01(b)(1), the arresting officer issued Dolman "a citation and notice to appear in court, in lieu of continued custody." As required by JCrR 2.01(b)(2)(i) and (iv), the citation contained "the name of the court" and "the time and place at which [Dolman was required] to appear". Dolman was directed to appear in the San Juan County District Court on October 7, 1976, at 11 a.m. As provided by JCrR 2.01(b)(3), Dolman gave "his written promise to appear in court as required by the citation and notice served."

On October 6, 1976, Dolman's attorney filed a written notice of appearance in the district court. The attorney was advised by the district court judge that he would be notified by mail when the case was set for trial.

Unknown to Dolman's attorney or to the district court judge, the court copy of the citation had not been filed in the district court. Instead, the arresting officer's sergeant had mailed the court copy of the citation to the San Juan County Prosecuting Attorney. The prosecutor had previously determined that he would file charges for commercial fishing violations only in superior court. He had requested the sergeant to notify Dolman that he need not appear in district court because he would be served with a summons requiring his appearance in superior court. But Dolman was never so notified.

On October 7, 1976, an information charging the same offense was filed in superior court. Thereafter, Dolman applied to the district court for an order dismissing the charge for failure to bring him "to trial within 60 days from the date of appearance" as required by JCrR 3.08. The State resisted, contending that since the court copy of the citation had not been filed, the district court was without jurisdiction. The district court judge agreed and denied the motion to dismiss.

The case was called for trial in Superior Court on March 11, 1977. Prior to the empaneling of the jury, Dolman moved to dismiss the charge. The trial judge granted the motion.

The dispositive issue is whether, under the circumstances above outlined, the district court had acquired jurisdiction. If it had, under the rule of *State v. Cummings*, 87 Wn.2d 612, 555 P.2d 835 (1976), the dismissal of the charge against Dolman was proper.

██ At common law, a prosecutor had unfettered discretion to dismiss and refile charges. However, that discretion was circumscribed in Washington by RCW 10.43.010 and RCW 10.46.090 which afforded a person charged with a misdemeanor a "valuable statutory right to have his case

tried in the first court which assumed jurisdiction and not to be harassed by multiple prosecutions for the same offense." *Cummings,* at 616–17. "[A]nother prosecution" (RCW 10.43.010) for a misdemeanor or gross misdemeanor charge which had been dismissed upon the "application of the prosecuting attorney" (RCW 10.46.090) was barred. In *Cummings,* at 615, it was held that although RCW 10.43-.010 and RCW 10.46.090 have been superseded by CrR 3.3 and CrR 8.3, the rules apply only "to superior court proceedings and do not purport to control proceedings in justice court." An abandonment of a prosecution first filed in district court was held to bar "further pursuit" of an accused in superior court. *Cummings,* at 617.

The State contends that the rule of *Cummings* is inapplicable. The State argues that because the original citation and notice to appear were never filed in district court, that court never acquired jurisdiction. We do not agree.

JCrR 2.01(d) provides that the "original" of a citation *shall* be filed with the clerk of the court. JCrR 2.01(b)(4) provides in part that:

Such citation and notice when signed by the citing officer and filed with a court of competent jurisdiction shall be deemed a lawful complaint for the purpose of initiating prosecuting of the offense charged therein.

JCrR 2.08(a) provides in part that:

The court shall issue a warrant for the arrest of any defendant who is a resident of this state and who has failed to appear before the court either in person or by counsel in answer to a citation and notice to appear upon which he has given his written promise to appear. . . .

 As above noted, JCrR 2.01(d) provides that the citation and notice *shall* be filed with the clerk of *the* court. We recognize that, as pointed out in *Spokane County ex rel. Sullivan v. Glover,* 2 Wn.2d 162, 169, 97 P.2d 628 (1940), while the word "shall" is usually construed as mandatory, it may also be construed as directory if necessary to fulfill the legislative intent. We are satisfied that as used in JCrR 2.01(d) the word "shall" is mandatory to the extent

that if the prosecution (through the authorized agency of the arresting officer) elects to initiate a criminal proceeding by issuance of a citation and notice to appear, the original of the notice and citation may be filed *only* in *the* court designated in the citation.

The issuance and acceptance of a citation in lieu of arrest is "in effect . . . a release of [a] defendant on his personal recognizance." *State v. Doolittle,* 69 Wn.2d 744, 749, 419 P.2d 1012 (1966). A willful failure to appear in court after release on personal recognizance is made a crime subject to fine and imprisonment by RCW 10.19.130. It necessarily follows that a citation and notice to appear are "process" issued by the *court* named in the citation. When Dolman accepted the citation and agreed to appear, the San Juan County District Court acquired jurisdiction to hear the charge against him. Although the prosecution did not, as in *Cummings,* elect to dismiss the district court charge, the failure to bring Dolman to trial within 60 days as required by JCrR 3.08 mandated dismissal of the charge against him with prejudice.

Affirmed.

SWANSON, J., concurs.

ANDERSEN, A.C.J. (dissenting)—I would hold that when a law enforcement officer issues a citation for an offense, but the original is not filed in the district court, the prosecuting attorney is not thereby precluded from filing an information charging the offense directly in the superior court. The reason for this is that until the original of the citation is filed in the district court that court has no jurisdiction whatsoever over the case.

A few general words as to citations and their use is appropriate. Usually they are used in traffic cases, where they are known to one and all as traffic citations or traffic "tickets." RCW 46.64.015; JTR 2.01. Citations are also available for certain nontraffic offenses such as this one, however, and when so used, the citation form is basically

the same as that used in traffic cases. JCrR 2.01. To insure uniformity, the citation forms for use in both traffic and nontraffic cases are approved by the Administrator for the Courts and are often referred to as "uniform" citations. JTR 2.01(i); JCrR 2.01(a)(4); JCrR 2.01(b)(6).

The "uniform" citation consists of a set of printed forms, the face of each being substantially identical. The citing officer, who is charged with filling out the form, writes the necessary citing information on the face of the form and on the copies at the same time through the use of carbon paper or the like. The original then serves as the complaint, and one of the copies serves as the citation which is given to the person being cited.

As the majority opinion points out, the dispositive issue is whether the district court ever acquired jurisdiction. Therefore, I will address only that aspect of the case.

In the case before us, the district court had no jurisdiction over the case at any time because· no complaint was ever filed in that court. The court rules provide in this regard that

> [s]uch citation and notice when signed by the citing officer *and filed with a court of competent jurisdiction* shall be deemed a lawful complaint for the purpose of initiating prosecution of the offense charged therein.

(Italics mine.) JCrR 2.01(b)(4) (part).

In construing the justice court traffic rules, which contain identical language to that just quoted, *see* JTR 2.01(d)(1), the State Supreme Court held:

> *These rules clearly require that the ticket be filed as a complaint. In the absence of such a ticket or other appropriate complaint, a court has no jurisdiction to proceed,* and no authority is needed to pinpoint, demonstrate or support such a basic requirement of due process. The fact that the traffic ticket was belatedly admitted as an exhibit in the case certainly did not confer jurisdiction on the court. Furthermore, jurisdiction over the subject matter was not waived by entering a plea, assuming that a plea was entered in this case. *The conclusion is inescapable that without a complaint on*

*file there was no jurisdiction for either the municipal court or the superior court to proceed in this matter.* The conviction is therefore void. (Italics mine.) *Orting v. Rucshner,* 66 Wn.2d 732, 734, 404 P.2d 983 (1965). The holding in *Orting* should control here, and until the original copy of the "uniform" citation comprising the complaint was filed in the district court, that court had no jurisdiction to do anything in connection with the case and its action or nonaction was immaterial. On the other hand, since the prosecuting attorney filed an information directly in the Superior Court concerning the same offense, that court did have jurisdiction of the case. I would therefore hold that the dismissal of the action by the Superior Court with prejudice was improper.

This is a matter of some importance to law enforcement because of the State Supreme Court's decision in *State v. Cummings,* 87 Wn.2d 612, 555 P.2d 835 (1976). *Cummings* held that the abandonment of a misdemeanor or gross misdemeanor prosecution in district court bars the later filing of charges in superior court. That now being the law, the effect of the majority's opinion in this case, as I view it, is that once an officer writes a citation then the prosecuting attorney may well be bound to try the case in district court—notwithstanding that the prosecuting attorney feels that the consequences, severity or other aspects of the case are such that it should be filed and handled in a court of general jurisdiction, the superior court.

Here the San Juan County Prosecuting Attorney had established a policy of prosecuting commercial fisheries violations in the superior court. The reasons for that policy are not pertinent other than to point out that it was the prosecutor's decision to make.[1] While it is regrettable that defense counsel had to go to the trouble of phoning in an oral appearance to the district court and mailing a written

---

[1]The trial court also specifically concluded:

"The prosecuting attorney's policy of charging commercial fishing violations in superior court rather than in district court is a legitimate exercise in prosecutorial discretion." Conclusion of law No. 1.

notice of appearance and a motion to that court, unnecessarily as it turned out, it should also be noted that neither the defendant nor his counsel was ever required to go to that court.[2] No prejudice to the defendant was shown.

Finally, for sound reasons of public policy, I would decide this case as herein expressed.

One reason is that the prosecuting attorney is the elected chief law enforcement official of the county he or she serves. It should therefore be the prosecuting attorney, the one directly responsible to the electorate for the standard of law enforcement in the county, who decides in which of two courts having concurrent jurisdiction a case should be charged or tried. A final irrevocable decision should not have to be made at the scene by the officer who happens to come upon the violation, since the officer may at the time be unaware of all of the factual and legal aspects of the violation.

Another reason for holding as I would is that to do otherwise might tend toward the abandonment of the present system of citing offenders in certain misdemeanor and gross misdemeanor cases in favor of a system whereby offenders would instead be arrested and booked, as officers presently have the authority to do. With the officer arresting offenders, the prosecuting attorney would then be provided with the opportunity to decide in which court the case would be filed. As explained in *State v. Doolittle,* 69 Wn.2d 744, 749, 419 P.2d 1012 (1966), the purpose served by issuing a citation

> is to avoid the unceremonious removal, perhaps in the middle of the night, of the responsible citizen from the highway and his subsequent incarceration in a local jail in lieu of bail.

---

[2]The trial court found: "While the defendant had never appeared physically in district court for arraignment or for any other purpose, and his attorney had not personally appeared before District Court Judge George O. Moseley, his attorney had talked with the judge on the phone soon after the defendant was issued the uniform citation, had filed a written Notice of Appearance in district court following that conversation, and had applied in writing to the court for an order of dismissal." Finding of fact No. 7 (part).

I would hold that the San Juan County Prosecuting Attorney did have the right to file this case in the Superior Court, as he did, and would reverse the trial court's order dismissing the case with prejudice.