[No. 7854–2–I. Division One. March 9, 1981.]

THE STATE OF WASHINGTON, *Appellant,* v. MICHAEL WILKE, ET AL, *Respondents.*

*Norm Maleng, Prosecuting Attorney,* and *Joanne Y. Maida, Deputy,* for appellant.

*John Wolfe, John Muenster* of *Seattle–King County Public Defender Association, Daniel Scott,* and *Kevin Dolan,* for respondents.

SWANSON, J.—This case involves an interpretation of the speedy trial rule, CrR 3.3.[1] The State appeals from an order by the Superior Court dismissing with prejudice a count of first degree burglary against four defendants. The question presented is whether the date for calculating the time for trial of the burglary charge was the 10th day following the defendants' arrest or the date the defendants

---

[1]By order dated July 1, 1980, the Supreme Court amended CrR 3.3 and made it applicable to all cases in which any part of the offense occurs on or after August 1, 1980. 93 Wn.2d 1122–32 (1980). This case involves the version of the rule in effect prior to the recent amendment.

were bound over to superior court for trial on other charges arising out of the same episode. Because the speedy trial time limits should be the same for all such charges, we hold the latter date is controlling and reverse the Superior Court.

A chronology of the relevant events is as follows:

February 10, 1979: The four defendants were arrested in connection with an assault and the destruction of certain personal property of the victim. The defendants were released from jail 2 days later.

April 9, 1979: The prosecutor's office filed a complaint in Seattle District Court. The complaint charged all four defendants with second degree assault and malicious mischief in the second degree.

April 23, 1979: All the defendants were arraigned and entered pleas of not guilty.

May 7, 1979: A preliminary hearing was held, and the deputy prosecuting attorney orally advised the district court and the defendants that the State intended to prove burglary in addition to the offenses alleged in the complaint. The case was continued until May 21, 1979, the 100th day following the defendants' arrest.

May 21, 1979: The State orally moved to amend the complaint to add first degree burglary. The motion was denied, and the defendants were bound over to superior court on the assault and malicious mischief charges.

May 23, 1979: An information was filed in superior court charging the defendants with first degree burglary as well as assault and malicious mischief.

May 29, 1979: The defendants were arraigned on the superior court information and entered pleas of not guilty. Trial was set for August 7, 1979.

In early June, three of the defendants filed written motions to dismiss for noncompliance with CrR 3.3. The Superior Court granted the defendants' motion to dismiss the burglary charge, finding that the defendants had not been charged with burglary until 103 days after their arrest and that no district court preliminary hearing was held or

bindover entered with regard to the burglary charge. However, the Superior Court refused to dismiss the remaining counts.[2] The State appealed the dismissal of the burglary charge, and a stay of trial was granted pending our decision on appeal.

The version of CrR 3.3 which is applicable to this case provides in relevant sections:

**(b) Time Limits.**
(1) The time limits set forth in subsections (b)(2) and (b)(3) shall commence to run from the date: (a) of the order binding the defendant over to the superior court following a preliminary hearing pursuant to JCrR 2.03 or (b) of the tenth day following the defendant's arrest in the event a preliminary hearing is not held or the charge is initially filed in the superior court.

(2) A defendant unable to obtain pretrial release from custody shall be brought to trial within 60 days of the applicable event set forth in subsection (b)(1).

(3) A defendant who is released from custody shall be brought to trial within 90 days of the applicable event set forth in subsection (b)(1).

 The plain language of the rule does not address the question presented here. However, we agree with the State that when multiple offenses arise out of the same criminal episode or transaction, there can be only one triggering date for calculating the time for trial for all the offenses. That was the conclusion reached in *State v. Erickson,* 22 Wn. App. 38, 587 P.2d 613 (1978), where the court consulted the *ABA Standards Relating to Speedy Trial* (Approved Draft, 1968) to fill a hiatus in the rule. Section 2.2 of the *ABA Standards* reads as follows:

When time commences to run.
The time for trial should commence running, without demand by the defendant, as follows:
(a) from the date the charge is filed, except that if the defendant has been continuously held in custody or on bail or recognizance until that date to answer for the same crime or a *crime based on the same conduct or*

---

[2] The defendants sought and were denied discretionary review in the Supreme Court of the Superior Court's refusal to dismiss the entire case.

*arising from the same criminal episode,* then the time for trial should commence running from the date he was held to answer;

(Italics ours.)

Applying the principle set forth in the *ABA Standards,* the court in *Erickson* concluded that CrR 3.3 prevented the State from prosecuting the defendant for being a felon in possession of a weapon after the time for trial had run on burglary and reckless driving charges for which he had originally been arrested. The court reasoned that possession of the weapon was intimately related or connected to the burglary, and the speedy trial time frame for both charges was therefore the same. *See also State v. Peterson,* 90 Wn.2d 423, 585 P.2d 66 (1978).

In this case it is undisputed that the burglary allegation arose out of the same criminal episode that formed the basis of the malicious mischief and assault charges. Thus, the speedy trial time frame for the burglary must be the same as for the other offenses.

The State is not required to seek a preliminary hearing in district court for every offense that might arise out of a criminal episode. *State v. Callas,* 68 Wn.2d 542, 413 P.2d 962 (1966); JCrR 2.03(d)(1). The comments by the Washington Criminal Rules Task Force which proposed the current version of JCrR 2.03 make clear that the preliminary hearing is intended as a discovery tool and to "serve as a check on the discretion of the prosecution." *Washington Proposed Rules of Criminal Procedure,* Comment at 152 (West Pub. Co. ed. 1971). We think the purpose of the preliminary hearing was served in this case when the defendants were bound over to superior court based on a finding that "a felony" had been committed, notwithstanding that the justice court judge refused to permit the State to amend the complaint to add the burglary charge.[3] Because the defendants were afforded a preliminary hearing pursu-

---

[3]It should be noted that the record does not disclose why the district court would not permit the amendment.

ant to JCrR 2.03, the date of the bindover order was the "applicable event" as established by CrR 3.3(b)(1)(a) which triggered the time clock for all the offenses arising out of the same criminal episode. The Superior Court erred in dismissing the burglary count.

The suggestion was made at oral argument that to adopt the State's interpretation of the rule would invite future abuse by somehow expanding the outer time limit for trial. However, we fail to see under what circumstances the State could gain any more time than it did here where the date of the bindover was the 100th day following the defendants' arrest. Under *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980), the entire case would have been subject to dismissal had the bindover been beyond 100 days following arrest.

Moreover, there already exists a body of law protecting criminal defendants from last minute amendments to informations which result in prejudice or surprise. *See* CrR 2.1(d); *State v. Brown,* 74 Wn.2d 799, 447 P.2d 82 (1968). The defendants here are not foreclosed from claiming prejudice or surprise. However, they had notice that the State would charge burglary.[4]

Finally, the defendants point out that the Superior Court also dismissed the charge on the basis of CrR 8.3(b). They contend that the State has not assigned error to that portion of the lower court's judgment. However, RAP 2.4(a) provides that the appellate court will "review the decision or parts of the decision designated in the notice of appeal . . .." The State's notice of appeal plainly designates all the findings of fact and conclusions of law entered by the trial court, and the State is not precluded from asserting that dismissal based on CrR 8.3 was improper.

---

[4]The trial court's findings of fact state in part:

"On May 7, 1979, a preliminary hearing was heard by the Honorable Frank Sullivan in the Seattle District Court. Testimony was presented. The State orally advised the defendants in open court of its intention to prove burglary in addition to the written complaint. The case was continued to May 21, 1979, to allow the prosecutor to present further testimony." Finding of fact No. 5.

■ Turning to the merits of this issue, we agree with the State that CrR 8.3(b) is not applicable to this case. The rule is intended to protect against governmental misconduct or arbitrary action. *State v. Starrish,* 86 Wn.2d 200, 544 P.2d 1 (1975). While mismanagement of the case may be sufficient governmental misconduct for purposes of CrR 8.3(b), *State v. Dailey,* 93 Wn.2d 454, 610 P.2d 357 (1980); *State v. Sulgrove,* 19 Wn. App. 860, 578 P.2d 74 (1978), the rule does not grant courts the authority to substitute their judgment for that of the prosecutor. *State v. Starrish, supra.* On the record before us, and in the absence of any finding of prejudice, we cannot say that the prosecutor's decision to seek an amendment to the complaint in justice court in order to file the burglary charge, after timely notice of his intent to do so, amounted to arbitrary action or governmental misconduct.

Reversed and remanded for trial.

WILLIAMS and ANDERSEN, JJ., concur.

Reconsideration denied April 7, 1981.

Review denied by Supreme Court June 26, 1981.