[No. 21786–1–I.   Division One.   August 7, 1989.]

THE STATE OF WASHINGTON, *Appellant,* v. FRANK B. GETTY, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Philip J. Jans, Deputy,* for appellant.

*Norman W. Cohen,* for respondent.

WEBSTER, J.—The State appeals a dismissal of its charge of first degree malicious mischief against Frank B. Getty, a juvenile. The State argues that the trial court erred when it found that Getty had also been charged in adult court because a police officer issued an adult citation form when he arrested Getty. We reverse.

## FACTS

Renton police arrested Getty on July 24, 1987, for damaging private property with a B.B. gun. Getty was 17 years old at the time. The arresting officer cited Getty with malicious mischief in the third degree and issued a Washington Uniform Citation/Complaint Form which directed Getty to contact Renton Municipal Court within 7 days. The officer wrote "JUV." in a box located on the citation form entitled "BAIL". The citation was sent to juvenile court.

An information was filed in King County Juvenile Court accusing Getty of first degree malicious mischief, a felony, on October 16, 1987. Getty moved the court to dismiss the charge on January 14, 1988. He argued that the officer's issuance of the municipal court citation and the filing of the juvenile court information constituted double jeopardy and violated his due process rights. The court found that Getty's parents were confused as to whether Getty was being charged in Renton Municipal Court or in King County Juvenile Court. The court concluded that both adult and juvenile proceedings were *initiated* against Getty which compromised his due process rights. The court reasoned, "the fact that the Municipal Court of the City of Renton patently does not have jurisdiction [over a minor]

does not diminish the prejudice of proceeding in two jurisdictions". The court noted that the arresting officer could have proceeded differently—by gathering information and turning it over to the prosecutor—rather than issuing a citation directing Getty to respond to an adult court. The court ordered dismissal of the juvenile court action unless the State, within 1 week, obtained a dismissal of the municipal court action. The court stated that "whatever prejudice there has been in the past could be cured if, in fact, there was a dismissal of the cause number in Renton Municipal Court". The State failed to comply, and the court dismissed the juvenile court case.

## DISCUSSION

■ The State maintains there was no legal basis for the trial court's dismissal. The court found that Getty's due process rights were compromised by the fact that two proceedings had been initiated against him. CrR 8.3(b) authorizes a trial court to dismiss any criminal prosecution in the furtherance of justice. Juvenile Court Criminal Rule 1.4(b) provides that the Superior Court Criminal Rules, when not inconsistent with the Juvenile Court Criminal Rules, apply to juvenile offense proceedings. Therefore, although the trial court's order does not specify, we conclude that the dismissal here was entered pursuant to CrR 8.3(b). This power to dismiss is discretionary and is subject to the abuse of discretion standard. *State v. Dailey,* 93 Wn.2d 454, 456, 610 P.2d 357 (1980). Dismissals under this rule have been upheld in relatively narrow categories of cases. Those categories potentially applicable here are: constitutional violations and governmental misconduct.

1. Constitutional Violation.

The juvenile court judge found that the State instituted both adult and juvenile proceedings against Getty which compromised his due process rights. When the arresting officer signed the citation, argues Getty, a proceeding was instituted in Renton Municipal Court charging Getty as an adult with third degree malicious mischief. Criminal Rule

for Courts of Limited Jurisdiction 2.1(b)(6) states that a criminal action in municipal court is initiated as follows:

> When signed by the citing officer and *filed with a court of competent jurisdiction,* the citation and notice shall be deemed a lawful complaint for the purpose of initiating prosecution of the offense charged therein.

(Italics ours.)

We conclude that the State did not initiate an adult action in municipal court for two reasons. First, the record contains no competent evidence which shows that the citation was filed. As the trial court found, the original of the citation was sent to the King County Prosecutor's Office, Juvenile Division. The court in its order commented, "[h]ad the respondent been 18 years of age or older, procedure would have required that the original of the citation be filed in Renton Municipal Court."

The second reason that the adult proceedings were not initiated under CrRLJ 2.1(b)(6) is that Renton Municipal Court is not a court of competent jurisdiction over minor offense cases. RCW 13.04.030(5) states that juvenile court has exclusive original jurisdiction over juveniles alleged to have committed offenses unless the juvenile court transfers jurisdiction to an adult court. Jurisdiction was never transferred in this case.

Getty argues that juvenile court does not have exclusive jurisdiction until it is invoked. No authority supports the proposition that municipal courts have jurisdiction over juvenile offense cases unless a juvenile court exercises its jurisdiction first. Had Renton Municipal Court attempted to proceed against Getty before the King County juvenile information was filed, Getty could have obtained a dismissal for lack of jurisdiction under RCW 13.04.030(5).

Moreover, even if the use of the adult form constituted a violation of Getty's due process rights, dismissal is inappropriate because Getty suffered no prejudice as a result. Under the harmless error theory, a violation of Getty's constitutional rights does not warrant dismissal if

the State proves beyond a reasonable doubt that the violation did not prejudice Getty. *See State v. Fitzsimmons,* 93 Wn.2d 436, 610 P.2d 893, 18 A.L.R.4th 690, *vacated,* 449 U.S. 977, *aff'd on remand,* 94 Wn.2d 858, 620 P.2d 999 (1980).

Here, the trial court made no finding that Getty was prejudiced by the use of the adult court citation form. Getty admitted at oral argument that his defense of the juvenile court proceedings was in no way prejudiced. The only "prejudice" which Getty might have suffered, as the trial court observed, was that he "was confused as to whether he would also have to respond to Renton Municipal Court regarding the same incident." However, any uncertainty and confusion that Getty or his parents might have had as to whether the adult court would pursue the case had no impact on their defense of the juvenile court action. Getty timely received a copy of the information filed in juvenile court. Getty is in the same position he would have been had the information filed in juvenile court been the only document utilized by the State.

The trial court erred in concluding that an adult proceeding had been instituted against Getty. In addition, any error in using the adult citation form is harmless. Therefore, the trial court abused its discretion in dismissing the case based on a due process violation.

2. Governmental Misconduct.

Getty also argues that the trial court's dismissal may be upheld on other grounds. Governmental misconduct has been held to justify dismissals under CrR 8.3. In one case, the court affirmed a dismissal of a charge based on the State's delay in complying with discovery orders. *State v. Dailey,* 93 Wn.2d at 455–56. The standard of review for dismissals based on governmental misconduct under CrR 8.3(b) is manifest abuse of discretion. *Dailey,* at 459; *State v. Burri,* 87 Wn.2d 175, 550 P.2d 507 (1976). The rule does not permit the courts the authority to substitute their judgment for that of the prosecutor. *State v. Wilke,* 28 Wn. App. 590, 596, 624 P.2d 1176, *review denied,* 95 Wn.2d 1026

(1981). Prosecutorial misconduct or mismanagement that does not result in prejudice to the defendant does not justify dismissal under CrR 8.3(b). *State v. Wilke, supra; see Bank of Nova Scotia v. United States,* 487 U.S. 250, 101 L. Ed. 2d 228, 108 S. Ct. 2369 (1988) (dismissal of indictment for prosecutorial misconduct during a grand jury proceeding improper unless the error prejudiced defendant).

Even assuming the issuance of the adult citation form constitutes governmental misconduct, Getty suffered no prejudice. Therefore, the trial court abused its discretion in dismissing the juvenile court proceedings under CrR 8.3.

We reverse.

GROSSE, A.C.J., and WINSOR, J., concur.