900 P.2d 1105 (1995)
127 Wash.2d 482
The CITY OF SEATTLE, Appellant,
v.
Dennis BONIFACIO, Respondent.
No. 62523-9.
Supreme Court of Washington, En Banc.
August 24, 1995.
Mark Sidran, Seattle City Atty., Andrea T. Chin, Asst., Seattle, for appellant.
Public Defender Ass'n, Dmitri L. Iglitzin, Seattle, for respondent.
Norm Maleng, King County Prosecutor, Peter E. Meyers, Deputy, Seattle, amicus curiae on behalf of King County Pros. Atty.
ALEXANDER, Justice.
The City of Seattle appeals an order of the King County Superior Court affirming the Seattle Municipal Court's dismissal of criminal charges against Dennis Bonifacio for the City's failure to comply with CrRLJ 3.3, the time for trial rule. At issue in this appeal is whether the mere issuance of a citation starts the time for trial clock. We conclude that it does and, thus, affirm the superior court.
On March 21, 1993, a Seattle police officer detained Dennis Bonifacio for an alleged weapons violation. The officer issued Bonifacio a citation at the scene for what was denominated on the citation as a "CCW violation." (Clerk's Papers at 13.) The citation, which bore the caption, "CITY OF SEATTLE, PLAINTIFF VS NAMED DEFENDANT," was a numbered citation of the Seattle Municipal Court and it made reference to "12A.18.040" as the "VIOLATION/STATUTE CODE." (Clerk's Papers at 13.) The citation contained the names of two Seattle police officers, J. Brooks and M. Lewis, as certifying that there was probable cause to believe that Bonifacio committed the offense charged in the citation. The citation also bore Brooks's signature. On the back of the citation the following description of the alleged offense was set forth: "Off duty officer called 911 re suspect w[ith] pistol in waistband inside a bar. Contacted suspect and confiscated the pistol. Suspect did not possess CCW, and the weapon was not registered to the suspect. Suspect I & R'd. Weapon entered into evidence by P/O Neubert." (Clerk's Papers at 13.)
Bonifacio was released from police custody upon signing the citation, indicating his promise to "respond as directed on [the] notice." (Clerk's Papers at 13.) The portion of the citation which was to contain the date and time for Bonifacio's appearance in court was, however, left blank. The citation was not filed with any court, but instead, was *1106 forwarded to the Seattle City Attorney's Office for screening and a filing decision.
In mid July 1993, the City Attorney filed a complaint in Seattle Municipal Court, charging Bonifacio with "unlawful use of weapons." (Clerk's Papers at 15.) An attorney subsequently appeared for Bonifacio, and moved on October 13, 1993, to dismiss the complaint on grounds that Bonifacio had not been tried within the time provided in the criminal rules for courts of limited jurisdiction. A Seattle Municipal Court judge granted Bonifacio's motion, concluding that criminal proceedings had been initiated against Bonifacio when the citation was issued and, as a consequence, the time for trial rule, CrRLJ 3.3, had been violated.[1]
The City appealed the ruling to the King County Superior Court. That court affirmed the order of dismissal. The City sought direct review by this Court and we granted it.
The question that is fundamental to the resolution of this appeal is whether a citation that is issued to a defendant but not filed, initiates a criminal proceeding. If it does, the time for trial limits set forth in CrRLJ 3.3(c)(1) have been exceeded. Indeed, the City does not suggest otherwise.[2] It submits, rather, that the filing of the citation was legally irrelevant, arguing that the Seattle Municipal Court did not acquire jurisdiction for purposes of triggering the time for trial rule until the criminal complaint was filed. If the City is correct, in that regard, the time for trial rule limits have not been exceeded.
As support for its assertion that an unfiled citation does not initiate criminal proceedings, the City emphasizes the provisions of CrRLJ 2.1(b)(6). That rule provides, in part, that a citation and notice is "deemed a lawful complaint for the purpose of initiating prosecution" of the charged offense "[w]hen signed by the citing officer and filed with a court of competent jurisdiction." It stresses also that a citation is to include "the time and place the person is to appear in court, which may not exceed 20 days after the date of the citation and notice, but which need not be a time certain." CrRLJ 2.1(b)(3)(iv).
The City relies heavily on a decision of Division One of the Court of Appeals, State v. Getty, 55 Wash.App. 152, 777 P.2d 1 (1989). In that case, a seventeen-year-old juvenile, Frank Getty, was arrested by a Renton police officer and issued a citation for the gross misdemeanor of malicious mischief in the third degree. The citation directed Getty to contact the Renton Municipal Court within seven days. The citation was not filed with Renton Municipal Court, but instead was sent to juvenile court. Thereafter, an information was filed in King County Juvenile Court charging Getty with first degree malicious mischief, a felony. Getty moved to dismiss the juvenile court charge, arguing that the issuance of the citation together with the subsequent filing of the information placed him in jeopardy twice for the same offense. The juvenile court granted the motion, determining that Getty had been subjected to two prosecutions for the same incident. The court of appeals reversed the trial court, concluding that Getty had not been charged twice with the same offense. That conclusion was based on its determination that mere issuance of the citation to Getty had not commenced an adult action commenced against him, there being no competent evidence in the record that the citation was ever filed. Getty, 55 Wash.App. at 155, 777 P.2d 1.
*1107 Although the Getty case appears on the surface to provide support for the City's argument, a closer look reveals that it is not persuasive. We reach that conclusion because Getty, unlike Bonifacio, was a juvenile. As the court of appeals observed in Getty, adult proceedings could not have been initiated against Getty in Renton Municipal Court, even if the citation had been filed, because the municipal court was not a court of competent jurisdiction in cases where a juvenile is charged with an offense. Getty, 55 Wash.App. at 155, 777 P.2d 1.
We find another decision of division one, State v. Dolman, 22 Wash.App. 917, 594 P.2d 450 (1979), more persuasive. Indeed, it is that case upon which the superior court relied as support for its order affirming dismissal of the charge against Bonifacio. In Dolman, the Defendant, William Dolman, was issued a citation for a fishing violation. The citation directed him to appear in San Juan District Court at a specific date and time. Dolman signed the citation, promising to appear as directed. Four days later, an attorney filed a notice of appearance in the district court on behalf of Dolman. Dolman and his attorney were both unaware that the citation had not been filed. Instead, as is the case here, it was forwarded to the San Juan County Prosecuting Attorney. The prosecutor thereafter filed an information in superior court charging Dolman with the same fishing violation that ostensibly had been charged in the unfiled citation.
The superior court charge was dismissed on Dolman's motion, the trial court concluding that Dolman had not been brought to trial within the time provided in court rules. The court of appeals affirmed the dismissal order, holding that issuance of a citation in lieu of arrest is "in effect ... a release of [a] defendant on his personal recognizance,"[3] and as a result, a citation and notice to appear are process issued by the court named in the citation. Dolman, 22 Wash. App. at 921, 594 P.2d 450 (quoting State v. Doolittle 69 Wash.2d 744, 749, 419 P.2d 1012 (1966)). Consequently, it determined that when Dolman accepted the citation the district court acquired jurisdiction, and the time for trial clock started running, notwithstanding the fact that the citation was not filed.[4]
The facts in Dolman are nearly identical to those here. The City attempts to diminish the significance of Dolman by pointing out that the citation in that case, unlike the citation here, directed the defendant to appear at a specific time and place. Thus, it argues that Dolman suffered prejudice that was not suffered by Bonifacio, in that Dolman was directed to appear in two courts. While, in a technical sense that is true, the difference between what happened to Bonifacio and what happened to Dolman is slight. Indeed, one could argue that issuance of a citation under the Dolman facts would cause a defendant less anxiety than would the issuance of a citation under the Bonifacio facts. Because Dolman's citation contained a date and time for his appearance, Dolman presumably could find out at the appointed time if the government intended to pursue the charge set forth in the citation. On the other hand, Bonifacio's citation did not indicate a time and place for him to appear. As a consequence, Bonifacio had a diminished ability to learn when or if the charge set forth in his citation would be pursued by the prosecuting authority.
In conclusion, we hold that issuance of a citation, regardless of whether it is *1108 subsequently filed, starts the running of the time for trial clock. Although the City correctly observes that CrRLJ 2.1(b)(6) indicates that a prosecution is initiated by a citation when it is signed and filed, that rule must be read together with CrRLJ 2.1(d), which provides that the officer "shall" file the citation with the clerk of the court within forty-eight hours after issuance. This latter requirement, as the Dolman court recognized, is mandatory and buttresses a conclusion that the criminal process is initiated by issuance of the citation. Significantly, in the case on which the City relies, State v. Getty, the court said that if Getty had been eighteen years or older, the citation would have had to have been filed. Getty, 55 Wash.App. at 155, 777 P.2d 1.
The issuance and receipt of a citation is not an insignificant intrusion on one's liberty. It is, therefore, important that the rule requiring the filing of citations, CrRLJ 2.1(d), be observed. If consequences do not flow from an officer's failure to file a citation within the time allotted, many persons who have been issued citations will be left in legal limbo, not knowing whether or not the citation they have received will lead to proceedings in court. Under the trial court's decision, greater fairness and efficiency is assured because persons who have been issued citations will generally know within forty-eight hours of the issuance of a citation whether it will lead to court proceedings. We do not mean to suggest that a prosecuting attorney or city attorney cannot, by filing a complaint, amend a charge that was initially commenced by issuance of a citation. Neither are we suggesting that a citation may not be filed more than forty-eight hours after it is issued. The significant aspect of our holding is that the time for trial computation relates to the date the citation is filed or forty-eight hours after its issuance, if it is not filed.
The amicus brief of the Prosecuting Attorney of King County makes the point that our decision in Auburn v. Brooke, 119 Wash.2d 623, 836 P.2d 212 (1992) makes it necessary, in most cases, for the prosecuting attorney or city attorney to file a complaint, regardless of whether the police officer filed the citation or forwarded it to the prosecuting authority for review. We do not quarrel with that assertion. Our decision should not, however, cause problems for prosecutors. As we have observed, there is nothing to prevent the State or a city from seeking an amendment by complaint if, after review, it is deemed that a charge initiated by citation was unartfully stated. The prosecuting authority will simply have to be prepared to try the case, if it is to be tried, within a time period that relates to the issuance of the citation, not the subsequent filing of a criminal complaint. That should not be a great burden for the government to bear.
Affirmed.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, TALMADGE and PEKELIS, JJ., concur.
NOTES
[1] CrRLJ 3.3(c) "Time for Arraignment and Trial.

"(1) Cases Filed in Court. If the defendant is detained in jail, or subject to conditions of release, the defendant shall be arraigned not later than 15 days after the date the complaint is filed in court. If the defendant is not detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 15 days after that appearance in court which next follows the filing of the complaint or citation and notice. A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment."
[2] The parties agree that if issuance of the citation to Bonifacio commenced the criminal proceedings against him, Bonifacio was to be tried within 110 days of March 23rd. He was not tried within that time.
[3] At the time Bonifacio was issued a citation, RCW 10.19.130 was in effect. It provided that a willful failure to appear in court after release on personal recognizance is a crime, subject to punishment. RCW 10.19.130. That statute was repealed by Laws of 1994, ch. 271, § 701, p. 1718.
[4] In Dolman, the court was reviewing JCrR 2.01(d), which was then in effect. It read:

"(d) Filing.
"(1) The original of the complaint or citation and notice shall be filed with the clerk of the court, and sufficient copies shall be prepared in order to provide a copy for each defendant."
JCrR 2.01(d) was similar to the current CrRLJ 2.1(d), which reads:
"(d) Filing.
"(1) Original. The original of the complaint or citation and notice shall be filed with the clerk of the court.
"(2) Time. The citation and notice shall be filed with the clerk of the court within 48 hours after issuance. A citation and notice not filed within the time limits of this rule may be dismissed without prejudice."