[No. 16119-6-III.     Division Three.     December 30, 1997.]

THE STATE OF WASHINGTON, *Appellant*, v. JIMMY R. TEEMS, *Respondent*.

*Richard L. Weber, Prosecuting Attorney,* and *Karen C. Calhoun-Wells, Deputy,* for appellant.

Respondent not represented on appeal.

BROWN, J. — Today we decide whether under the circum-

stances of this case the trial court abused its discretion when dismissing a criminal prosecution because the defendant was forced to choose between his rights to a speedy trial and adequately prepared counsel. Just 12 days remained on the speedy trial limit following an initial mistrial when the defendant actually received notice and was appointed counsel. Because we agree the trial judge did not abuse his discretion, we affirm.

## FACTS

On March 1, 1996, the State, by amended information, charged Jimmy R. Teems with possession of marijuana in an amount over 40 grams. Before trial, Mr. Teems dismissed Don Connolly, his assigned counsel, and was assigned John Sloan, Jr. The court then granted Mr. Teems's request to sever his trial from codefendant, Yancy Teems. On June 21, the court declared a mistrial after the jury failed to reach a decision. Five days later, Mr. Sloan's motion to withdraw as appointed counsel was granted and the State received a copy of Mr. Sloan's motion and approved order. On July 31, despite the withdrawal, the State notified Mr. Sloan that it had refiled the amended information. On or about August 15, the State served Mr. Teems with a criminal summons, ordering him to appear on August 29. The court then appointed Ryan D. Whitaker, who entered a notice of appearance on behalf of Mr. Teems on September 5. On September 16, three days before the expiration of the speedy trial period, the court granted Mr. Teems's motion to dismiss after considering whether Mr. Teems had been forced to choose between his rights to a speedy trial and adequately prepared counsel. The State now appeals.

## ANALYSIS

The trial court, stating that it could not force Mr. Teems to choose between his right to a speedy trial and his right to effective assistance of counsel, dismissed the charge against him. The sole issue on appeal is whether the trial court abused its discretion deciding the State's actions so

prejudiced Mr. Teems that the only remedy available was dismissal of the charge.

■■■■ Absent a manifest abuse of discretion, an appellate court will not overturn a trial court's decision to dismiss or delay trial. *State v. Hanna*, 123 Wn.2d 704, 715, 871 P.2d 135, *cert. denied*, 513 U.S. 919 (1994); *State v. Dailey*, 93 Wn.2d 454, 456, 610 P.2d 357 (1980). An abuse of discretion exists where the trial court bases its decision on untenable grounds or reasons. *State v. Blackwell*, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993); *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). CrR 8.3(b) allows the trial court to dismiss criminal charges. That rule states: "The court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution . . . and shall set forth its reasons in a written order." CrR 8.3(b). The trial court should grant dismissal only if the defendant is prejudiced to the extent of a denial of his or her right to a fair trial. *Blackwell*, 120 Wn.2d at 830 (citing *Spokane v. Kruger*, 116 Wn.2d 135, 144, 803 P.2d 305 (1991)).

A trial court is ultimately responsible for assuring a defendant's right to a speedy trial under CrR 3.3. *State v. Carson*, 128 Wn.2d 805, 912 P.2d 1016 (1996). The defendant is not required to show prejudice because strict compliance with the speedy trial rule is required. *State v. Greenwood*, 57 Wn. App. 854, 860, 790 P.2d 1243 (1990), *aff'd*, 120 Wn.2d 585, 845 P.2d 971 (1993); *see State v. Helms*, 72 Wn. App. 273, 275, 864 P.2d 23 (1993), *review denied*, 124 Wn.2d 1001 (1994).

In order for a court to dismiss charges under CrR 8.3(b), the defendant must show arbitrary action or governmental misconduct. *State v. Michielli*, 132 Wn.2d 229, 239, 937 P.2d 587 (1997); *State v. Getty*, 55 Wn. App. 152, 154, 777 P.2d 1 (1989). Prosecutorial misconduct or mismanagement that does not prejudice the defendant, however, does not justify dismissal under this rule. *State v. Wilke*, 28 Wn. App. 590, 596, 624 P.2d 1176, *review denied*, 95 Wn.2d 1026 (1981). Where such misconduct jeopardizes a fundamental right of the accused, though, appellate courts have upheld

the decision to dismiss. *See State v. Sherman*, 59 Wn. App. 763, 801 P.2d 274 (1990); *State v. Dailey*, 93 Wn.2d 454, 610 P.2d 357 (1980). Included among these rights are the right to a speedy trial and the " 'right to be represented by counsel who has had sufficient opportunity to adequately prepare a material part of his defense . . . .' " *Michielli*, 132 Wn.2d at 240 (quoting *State v. Price*, 94 Wn.2d 810, 814, 620 P.2d 994 (1980)).

In *Michielli*, the court concluded that prosecutorial misconduct, and the resulting prejudice to the defendant, required dismissal pursuant to CrR 8.3(b). *Michielli*, 132 Wn.2d at 246. Addressing the prosecution's actions, the court stated that governmental misconduct " 'need not be of an evil or dishonest nature; *simple mismanagement is sufficient*' " to warrant dismissal. *Id.* at 239 (quoting *Blackwell*, 120 Wn.2d at 831). In that case, the prosecutor inexplicably decided to file additional charges five days before trial, thereby forcing the defendant to waive his speedy trial rights in order to prepare a defense to the new charges. *Michielli*, 132 Wn.2d at 243-44. The court held the State's delay and the defendant's resulting quandary amounted to mismanagement and prejudice, thus, the requirements of CrR 8.3(b) were satisfied. *Id.* at 246. Consequently, we follow the rule that intentional misconduct is not required, only simple mismanagement is required when applying the above law to the facts of this case.

We cannot say that the trial judge acted here on untenable grounds or reasons when dismissing this case. The totality of the State's actions supports dismissal of the charge against Mr. Teems. After waiting 40 days from the mistrial to refile the information, the prosecutor provided notice solely to Mr. Sloan. The prosecutor's signature, however, appears on the July 26 order granting Mr. Sloan's motion to withdraw as appointed counsel. Mr. Sloan did not notify Mr. Teems, nor was he under any duty to do so. As a result, Mr. Teems had no knowledge of the State's decision to retry him until August 29, 1996. The court could

not reappoint Mr. Sloan, and had to assign an attorney who was unfamiliar with the case. Both Mr. Teems, who was unwilling to waive his speedy trial rights, and Mr. Whitaker shared the belief that 12 days to prepare for a felony defense was inadequate for Mr. Whitaker to familiarize himself with the entire case.

## CONCLUSION

The record supports a finding that the State caused delay through simple mismanagement of the case. Because it is the duty of the trial court to decide whether under the unique circumstances of each case a fair trial is possible, it was for the trial judge to decide whether Mr. Teems's appointed counsel could prepare an adequate defense before the end of the speedy trial period. Thus, the court was within its discretion to find that Mr. Teems was impermissibly forced into a position requiring him to choose between his rights to a speedy trial and a fair trial with adequately prepared counsel.

Affirmed.

SWEENEY, C.J., and SCHULTHEIS, J., concur.

Reconsideration denied February 5, 1998.

Review denied at 136 Wn.2d 1003 (1998).