IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32043-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| SAMUEL MILLER, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — A Yakima County District Court dismissed charges against Samuel Miller, concluding that Mr. Miller's CrRLJ 3.3 right to a speedy trial was violated. The district court found that the State failed to bring Mr. Miller to trial within 90 days of the issuance of the citation, as required by *City of Seattle v. Bonifacio*, 127 Wn.2d 482, 900 P.2d 1105 (1995). The State appealed to Yakima County Superior Court. The superior court reversed and remanded the matter on the grounds that *Bonifacio* was superseded by the 2003 revisions to CrRLJ 3.3. We granted discretionary review, and we now affirm the superior court.

FACTS

On September 29, 2012, a Yakima County Sheriff's Officer issued Samuel Miller a uniform criminal citation for driving with a suspended license and without an ignition interlock device. The officer checked the box for a mandatory court appearance; however, he did not enter an appearance date on the citation. The back of the citation instructed that if the appearance date box was blank, the court would give written notification of when to appear. And, if notice was not received within 15 days, the citation instructed the person to call the court immediately. Mr. Miller called the court to find out the date and was told that there was no record.

On December 5, the State filed a complaint alleging the same offenses. Mr. Miller appeared at his first court appearance on January 3, 2013. The district court entered an order setting conditions of release and released Mr. Miller on his own recognizance.

On January 17, at Mr. Miller's arraignment, Mr. Miller objected pursuant to CrRLJ 2.1, CrRLJ 3.3, and *Bonifacio*. On February 8, he contended that the State violated CrRLJ 2.1 by waiting over three months from the date of the citation to file a complaint and that the delay caused the issuance of the citation to initiate the criminal proceedings under *Bonifacio*. Further, he contended that the criminal proceedings triggered the time-for-trial clock under CrRLJ 3.3 and, because he was not brought to trial

within 90 days, the charges against him must be dismissed. The State argued that *Bonifacio* was no longer good law, considering the 2003 amendments to the time-for-trial rules in CrRLJ 3.3. The State maintained that Mr. Miller's time-for-trial clock began at the time of his arraignment on January 17 and that his speedy trial right under CrRLJ 3.3 was not violated.

The district court concluded that *Bonifacio* controlled because it was never overruled. The court also concluded that the officer's failure to file the citation within two days violated CrRLJ 2.1(d), the issuance of the citation initiated criminal proceedings and triggered the speedy trial clock, and Mr. Miller's speedy trial date had expired on January 17. The district court dismissed the charges with prejudice because of the violation of Mr. Miller's right to a speedy trial.

The State appealed to the superior court. The superior court held that the district court erred in dismissing the case. The court generally concluded that the 2003 amendments to the time-for-trial rules were rewritten since the holding in *Bonifacio* and that no violation occurred based on the amended rules. The superior court remanded the case back to district court. Mr. Miller appealed the superior court's ruling, and this court granted discretionary review.

3

ANALYSIS

"We interpret a court rule as though it were enacted by the legislature, giving effect to its plain meaning as an expression of legislative intent." *State v. Chhom*, 162 Wn.2d 451, 458, 173 P.3d 234 (2007). "Plain meaning is discerned from reading the rule as a whole, harmonizing its provisions, and using related rules to help identify the legislative intent embodied in the rule." *Id.*

Mr. Miller argues that his right to a speedy trial was violated because the State failed to bring him to trial within 90 days of the filing of the criminal proceedings against him. Relying on *Bonifacio*, Mr. Miller contends that issuance of a citation begins the criminal process. Accordingly, a defendant's time-for-trial calculation begins either once the citation is filed or 48 hours after it is issued if the State fails to follow the two-day time limit for filing as prescribed by CrRLJ 2.1(d)(2). *Bonifacio*, 127 Wn.2d at 488-89.[1]

In response, the State argues that *Bonifacio* was displaced by the 2003 amendments to the time-for-trial rules and is no longer good law. The question before this court is whether the 2003 time-for-trial rules supersede the holding in *Bonifacio*.

---

[1] Mr. Miller was given the citation on September 29, 2012. The officer failed to file the citation in 48 hours. Thus, Mr. Miller contends his constructive filing date was October 1. Then, he uses CrRLJ 4.1(a)(1) to calculate his time-for-trial commencement date to be 14 days after filing, or October 14. Based on this commencement date, he alleges that his time-for-trial clock expired on January 12.

4

According to CrRLJ 2.1(a)(1), all criminal proceedings shall be initiated by a complaint, except as otherwise provided by the rule. A citation is deemed a lawful complaint for the purpose of initiating criminal prosecution of the charged offense when the citation is signed by the citing officer and filed with a court of competent jurisdiction. CrRLJ 2.1(b)(5).

An arresting officer may serve a citation and notice to appear in court to a person who is arrested or could have been arrested for a misdemeanor violation. CrRLJ 2.1(b)(1). The officer makes a determination whether to release a person or hold the person in custody after the consideration of the enumerated factors in CrRLJ 2.1(b)(2). The citation and notice to appear includes the time and place a person is to appear in court. CrRLJ 2.1(b)(3)(iv). The citation and notice must be filed with the court within two days after issuance, excluding Saturdays, Sundays, or holidays. CrRLJ 2.1(d)(2). "A citation and notice not filed within the time limits of this rule may be dismissed without prejudice." CrRLJ 2.1(d)(2).

In 1995, the Washington Supreme Court in *Bonifacio*, addressed whether the mere issuance of a citation starts the time-for-trial clock. 127 Wn.2d at 483. Seattle police officers detained Mr. Bonifacio for an alleged weapons violation and issued a citation before release. *Id.* at 483-84. The citation informed Mr. Bonifacio of his promise to

appear in court, but the citation was blank in respect to the date and time of the required appearance. *Id.* at 484. Afterwards, the officers did not file the citation with the court, but instead forwarded it to the city attorney's office for screening and a filing decision. *Id.* About four months later, the city attorney filed a complaint in municipal court against Mr. Bonifacio. *Id.* The municipal court dismissed the complaint on the grounds that criminal proceedings were initiated against Mr. Bonifacio when the citation was issued, and as a consequence, the time-for-trial rule in CrRLJ 3.3 was violated. *Id.*

On appeal, the Supreme Court was persuaded by *State v. Dolman*, 22 Wn. App. 917, 594 P.2d 450 (1979) that the issuance of a citation in lieu of arrest was "'in effect . . . a release of [a] defendant on his personal recognizance,' and as a result, a citation and notice to appear [were] process issued by the court named in the citation." *Bonifacio*, 127 Wn.2d at 487 (footnote omitted) (some alteration in original) (quoting *Dolman*, 22 Wn. App. at 921). The *Bonifacio* court held that the issuance of a citation, regardless of whether it is subsequently filed, commences the time-for-trial clock. *Id.* at 488. The court also held that CrRLJ 2.1 required filing within 48 hours because "[t]he issuance and receipt of a citation is not an insignificant intrusion on one's liberty" and an officer's consequences for failing to file could not be ignored. *Id.* at 488-89. Initiating proceedings within 48 hours provides fairness and efficiency in addressing criminal

6

citations. *Id.* at 489. "The significant aspect of our holding is that the time for trial computation relates to the date the citation is filed or forty-eight hours after its issuance, if it is not filed." *Id.*

Since *Bonifacio* was decided in 1995, the time-for-trial rules in CrRLJ 3.3 and CrRLJ 4.1 were revised. In the years leading up to 2002, a number of issues surrounding the time-for-trial rules had surfaced. WASH. COURTS TIME-FOR-TRIAL TASK FORCE, FINAL REPORT, § II.A, at 10. (Oct. 2002) (FINAL REPORT) (on file with Admin. Office of Courts, available at http://www.courts.wa.gov/programs_orgs/pos_tft/index.cfm? fa=pos_tft.reportHome (last visited May 19, 2015). Questions arose regarding the appropriate remedy for a violation, the length of the deadlines, and appellate court interpretation of the rules. FINAL REPORT § II(A) at 10. In response, the Washington Supreme Court created the Time-For-Trial Task Force to conduct a comprehensive review of the time-for-trial rules and make recommendations for review. FINAL REPORT, § II(A) at 10. The Task Force recommended revisions that included simplifying and clarifying the rule, stating more simply and specifically the beginning and ending points for various time periods, and eliminating the need for extensive judicial interpretation. FINAL REPORT, § I(B) at 5-6.

One concern addressed by the Task Force was that the time-for-trial standards were moving away from the express language of the rules and were more directed by judicial opinions. FINAL REPORT, § I(B) at 6. To limit the expansion of the rule by judicial interpretation, the Task Force added CrRLJ 3.3(a)(4), which required computation of time for trial in accordance with the rule and prohibited dismissal if a trial was timely under the rule but delayed by circumstances outside of the rule. The Task Force believed that the revised rule covered the necessary range of time-for-trial issues to the extent that additional provisions did not need to be interpreted into the rule. FINAL REPORT, § II(B) at 12-13.

Another significant and related issue addressed by the 2003 amendments was the problem created by the *Striker*[2] and *Greenwood*[3] holdings. FINAL REPORT, § II(C) at 21-24. *Striker/Greenwood* dealt with pre-arraignment delay and presented a problem in determining a commencement date for the time-for-trial period. The *Striker/Greenwood* rule imposed a constructive arraignment date of 14 days after charges were filed if there was any unnecessary delay by the State in bringing the defendant before the court for arraignment. *Greenwood*, 120 Wn.2d at 614-15. Periods that the State acted in due

---

[2] *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976).

[3] *State v. Greenwood*, 120 Wn.2d 585, 845 P.2d 971 (1993).

diligence in bringing the defendant to trial were excluded from the time-for-trial calculation. *Id.* at 604-05. The Task Force was concerned with the *Striker/Greenwood* vague due diligence standards and the delay caused by the related hearings and thought law enforcement would benefit from more precise guidelines. FINAL REPORT, § I(C)(1) at 21.

In addressing the *Striker/Greenwood* constructive rule, the Task Force recognized that "[t]he time for trial should not begin until the actual arraignment. The filing of the information or complaint should not begin the running of the rule." FINAL REPORT, App. C at 2. The revision of CrRLJ 3.3 included a new provision that set the commencement date as the date of arraignment as determined in CrRLJ 4.1. FINAL REPORT, § III(D) at 47. In CrRLJ 4.1(a)(2), the Task Force added the provision that no delay in bringing an out-of-custody defendant before the court shall affect the allowable time for arraignment. FINAL REPORT, § II(C)(1) at 23. The Task Force also recommended incorporating the due diligence standards into CrRLJ 2.2, the rule on issuing warrant of arrest requirements and recommended relying on the remedy in that rule to address violations of due diligence. FINAL REPORT, § II(C)(1) at 21-24. "The proposal still requires the State to act with due-diligence, but does so without exacting the social sacrifice inherent in dismissals with prejudice." FINAL REPORT, § II(C)(1) at 24.

9

The new rules as proposed by the Task Force for CrRLJ 3.3 were adopted in 2003. The underlying time-for-trial periods remained unchanged. Generally speaking, a defendant must be brought to trial within 60 days of the commencement date if the defendant is detained in jail or within 90 days of the commencement date if the defendant is not detained in jail. CrRLJ 3.3(b)(1), (2).

A defendant's initial commencement date is the date of arraignment as determined under CrRLJ 4.1. CrRLJ 3.3(c)(1). The arraignment date depends on the status of the defendant. CrRLJ 4.1(a). For a defendant detained in jail or subject to conditions of release imposed in connection with the charges at hand, the defendant shall be arraigned no later than 14 days after the date of the complaint or citation and notice is filed in court. CrRLJ 4.1(a)(1). For a defendant not detained in jail or subject to conditions of release, the defendant shall be arraigned not later than 14 days after the appearance that next follows the filing of the complaint or citation and notice. CrRLJ 4.1(a)(2). "Appearance" means the defendant's physical presence in the trial court. CrRLJ 3.3(a)(3)(iii).[4] "Any delay in bringing the defendant before the court shall

---

[4] The complete definition of "appearance" is the "defendant's physical presence in the trial court. Such presence constitutes appearance only if (A) the prosecutor was notified of the presence and (B) the presence is contemporaneously placed on the record under the cause number of the pending charge." CrRLJ 3.3(a)(3)(iii). There is no question here that Mr. Miller's physical presence in the courtroom on January 3 was an

not affect the allowable time for arraignment, regardless of the reason for the delay." CrRLJ 4.1(a)(2).

CrRLJ 3.3(a)(4) prohibits dismissal of a defendant's charges under the rule if the time for trial is delayed for reasons not addressed in CrRLJ 3.3 or CrRLJ 4.1. "The allowable time for trial shall be computed in accordance with this rule. If a trial is timely under the language of this rule, but was delayed by circumstances not addressed in this rule or CrRLJ 4.1, the pending charges shall not be dismissed unless the defendant's constitutional right to a speedy trial was violated." CrRLJ 3.3(a)(4).

Here, based on the Task Force report and the subsequent revisions to CrRLJ 3.3 and CrRLJ 4.1, we conclude that the 2003 amendments to the time-for-trial rule supersede the holding in *Bonifacio*. *Bonifacio* created a judicial interpretation of the time-for-trial rule prior to the 2003 enactment of the current version of CrRLJ 3.3. The 2003 amendments were created to do away with such interpretation. The current version of CrRLJ 3.3 clearly states that the allowable time for trial "shall be computed in accordance with this rule." CrRLJ 3.3(a)(4).

Mr. Miller's initial commencement date is tied to the date of his arraignment as determined by CrRLJ 4.1. Mr. Miller's arraignment date is calculated from his first

appearance.

11

appearance in court under CrRLJ 4.1(a)(2) because Mr. Miller was not in jail or subject to conditions of release.[5] CrRLJ 4.1(a)(2) provides that Mr. Miller's arraignment date shall be not later than 14 days after his appearance following filing of the complaint or citation and notice. Any delay in bringing Mr. Miller to court, such as an untimely filing, does not affect the allowable time for Mr. Miller's arraignment. CrRLJ 4.1(a)(2). Mr. Miller's appearance occurred on January 3 and his January 17 arraignment date was timely within the rule. He had 90 days from his January 17 arraignment to be brought to trial. CrRLJ 3.3(b)(2)(i). His time for trial, therefore, had not expired at the time of the district court's dismissal.

*Bonifacio*'s judicial interpretation is no longer applicable after the revisions to the time-for-trial rules in CrRLJ 3.3 and CrRLJ 4.1. The rules were revised to address the judicial expansion of the right-to-trial rule. The revised rules provide the exclusive guidelines for determining the commencement date for a defendant's time-for-trial clock. According to these rules, Mr. Miller's CrRLJ 3.3 right to a speedy trial was not violated.

---

[5] Mr. Miller applies CrRLJ 4.1(a)(1) to calculate his arraignment date. However, CrRLJ 4.1(a)(1) does not apply because Mr. Miller was not detained in jail or subject to conditions of release imposed in connection with the charges. While *Bonifacio* considered the issuance of a citation "'a release of [a] defendant on his personal recognizance,'" this does not mean that the citation imposes conditions of release or that CrRLJ 4.1(a)(1) applies to Mr. Miller. *Bonifacio*, 127 Wn.2d at 487 (alteration in original) (quoting *Dolman*, 22 Wn. App. at 921).

No. 32043-0-III
*State v. Miller*

We affirm the superior court's decision to remand the matter to district court and reinstate the charges against Mr. Miller.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.

13